87 151
126 61
87 151
127 619
87 151
133 71
87 151
138 260

[No. 12879.   In Bank. — December 16, 1890.]

## GEORGE E. WHITE, RESPONDENT, *v.* MILO PATTON ET AL., APPELLANTS.

FORECLOSURE OF MORTGAGE — PLEADING — ANSWER OF SUBSEQUENT MORT-GAGEE — CROSS-COMPLAINT — SERVICE — DEFAULT. — In proceedings for the foreclosure of a mortgage, the answer of a subsequent mortgagee, which sets up a junior mortgage and prays for a foreclosure thereof, must be treated as a cross-complaint, and must be served upon all the parties affected thereby, including the mortgagor, though he has made default upon the original complaint.

ID. — JUDGMENT BY DEFAULT — JURISDICTION — APPEAL. — Where such service is not made, the court has no jurisdiction to render judgment of fore-closure by default in favor of the subsequent mortgagee, even though the parties against whom the default was taken were properly served with summons issued on the original complaint and had failed to appear; and the error in rendering such judgment will be corrected upon appeal from the judgment by default.

APPEAL from a judgment of the Superior Court of Mendocino County.

The facts are stated in the opinion of the court.

*T. L. Carothers,* for Appellants.

*J. A. Cooper, J. K. Chambers,* and *C. W. Rohrbough,* for Respondent.

Fox, J. — Proceeding for foreclosure of mortgage. Defendants Patton, the mortgagors, made default, but the defendant Thomson, who was alleged to make some claim as a subsequent mortgagee, answered, setting up a junior mortgage made by the same mortgagors, and prayed that after the satisfaction of plaintiff's mortgage the proceeds of sale should be applied to the payment of the amount due upon such junior mortgage, and for judgment for deficiency, if any there should be, against the Pattons. The court rendered judgment accordingly, and the Pattons appeal.

Appellants claim that the answer of Thomson was really a cross-complaint. Such really was its effect, and

for the purposes of this appeal we shall treat it as such. It prayed for, and under it there was granted to him. affirmative relief against his co-defendants Patton; and th· question is, whether the proceedings were such as gave the court jurisdiction to grant that affirmative relief. It is not pretended that the allegations of the pleading were not sufficient to support such a judgment; but the claim is, that the court never acquired jurisdiction to render the judgment and decree of foreclosure of this second mortgage, for want of proper service, or of any service, upon the defendants against whom the judgment ran. In this contention we think appellants are correct.

By the service of the summons issued upon the complaint of plaintiff, the court acquired jurisdiction of the parties, and control of all the subsequent proceedings. (Code Civ. Proc., sec. 416.) But what is meant by those words, "all the subsequent proceedings"? Manifestly it means proceedings upon that complaint, and for that cause of action. It had jurisdiction to hear and determine the rights of all the parties as to the questions involved in the cause of action stated in that complaint. It could ascertain and determine the amount due to plaintiff, and enter a decree foreclosing his mortgage, as against the claims of all the defendants; or if it had found the mortgage of defendant Thomson to be a prior mortgage, instead of a subsequent one, it could have granted him proper relief as against the plaintiff, provided the plaintiff had been properly served with the cross-complaint. But *quoad* the plaintiff's cause of action, defendants Patton, the mortgagors, who alone were personally liable in the action, had a perfect right to make default, and let the plaintiff have the relief he prayed against them without contest. It did not follow that their default upon the plaintiff's summons would give the court jurisdiction to enter another, further, and different judgment against them, in favor of another and different party, upon another and different cause of ac-

tion, and of which they were in no manner put upon notice, — against which they had no "day in court." Such a proceeding, even if authorized by statute, would be in direct violation of a right guaranteed by the constitution, and one depriving the parties of their property "without due process of law."

But such a proceeding is not authorized by the statute. Thomson was a proper party defendant. He might have made default, like his co-defendants, and like the defendant Marks, who was also sued as a junior mortgagee, allowed his right to be foreclosed at the same time that the right of the mortgagors was; but he elected to come in. In coming in, he might have set up his mortgage, by way of showing his right, and then contented himself with contesting simply the right, or the priority of the right, of plaintiff. But he attempted to go further, and seek to foreclose, in the same action, and against, not the plaintiff, but all his co-defendants, his mortgage, and to secure a deficiency judgment against the defendants Patton. This, too, the statute gives him the right to do, but not without giving notice to the persons against whom he sought affirmative relief. Even if those persons had been present in court, actively contesting the claim of plaintiff, they would have been entitled to actual and full notice of the claim set up by defendant Thomson, and of the affirmative relief which he demanded, and to an opportunity to defend against it. They were entitled to service of the cross-complaint, and to demur or answer thereto. Such is the express provision of the statute. '(Code Civ. Proc., sec. 442.)

The statute does not in express terms require that a summons should be issued upon the cross-complaint, and we are not disposed to hold that one should have been so issued in this case; but there should be at least the notice required by the statute, — service of the cross-complaint. This presented a new cause of action, in favor of a new party, and until the party to be affected

by that cause of action was brought in by such notice as the statute prescribed, the court failed to acquire jurisdiction to adjudicate upon or .determine the same. The record fails to furnish proof of any such service; there is no appearance upon or response to this cross-complaint, nor any default for want of appearance; and the court has not found, nor certified in its decree, that any such service was. ever made, although it has with great particularity recited the fact of service of summons "issued upon the complaint," and " of default in that behalf." This cross-complaint- is as clearly a complaint against the Pattons as was the original complaint filed by plaintiff. It has not been answered, and is therefore one of the papers which must constitute a part of the judgment roll, under the first subdivision of. section 670 of the Code of Civil Procedure. And although, for the reasons already shown, there was no summons issued upon it, the law requires that it must be served upon the party affected thereby. This being the law, the same subdivision requires that the judgment roll must contain the affidavit or proof of service, with a memorandum indorsed thereon of the default of the defendant thereto for want of answer. Nothing of the kind appears in this case. The court was therefore without jurisdiction to enter the judgment which was entered in favor of said defendant Thomson for affirmative relief against the defendant Patton.

The Pattons possibly might have moved the court below to set aside this portion of the judgment, on the ground of surprise, but this could only be done within six months from the date thereof. (Code Civ. Proc., sec. 473.) But it does not appear that they had any notice of the judgment within six months. The error was one against which they also had a right of appeal at any time within one year. That remedy they have taken, and on the appeal we are satisfied that they are entitled to have the error corrected.

It is therefore ordered that so much of the judgment and decree entered in this cause as directs the foreclosure of the mortgage in favor of David Thomson against the defendants Milo and J. H. Patton, and directing judgment against them in favor of said Thomson for any deficiency that may remain after the sale of the mortgaged premises, and the application of the proceeds thereof, be reversed, and the case remanded.

BEATTY, C. J., THORNTON, J., and PATERSON, J., concurred.