## PATTON et al. v. THOMSON.

### No. 15,019; May 13, 1893.

33 Pac. 97.

**Mortgage Foreclosure—Recovery of Proceeds of Void Sale.—**
A complaint in an action by a mortgagor to recover, under Code of
Civil Procedure, section 957, the proceeds of a foreclosure sale set
aside on appeal, alleged that foreclosure proceedings were commenced
against plaintiff, in which defendant, a second mortgagee, was joined
as a party, and filed a cross-complaint asking a foreclosure of his
mortgage; that an order of sale on the judgment foreclosing both
mortgages "was duly issued by the clerk, . . . . and was thereupon
delivered to the sheriff," who sold the land to defendant, and after
paying the first mortgage "there remained the sum of $3,080." Held,
that the complaint was demurrable, as it did not show that the sheriff
had applied any part of the proceeds of such sale to the satisfaction
of defendant's debt.

APPEAL from Superior Court, Mendocino County; Robert
McGarvey, Judge.

Action by Milo Patton and James A. Foster, administra-
tors of James H. Patton, deceased, against David Thomson,
to recover the proceeds of a void foreclosure sale. From a
judgment for defendant, plaintiffs appeal. Affirmed.

T. L. Carothers for appellants; J. A. Cooper for respond-
ent.

VANCLIEF, C.—In this case a demurrer to the complaint
was sustained by the court below, and, as plaintiffs declined
to amend, judgment passed for defendants. Plaintiffs bring
this appeal from the judgment on the judgment-roll, and con-
tend that the court erred in sustaining the demurrer. The
material substance of the complaint may be briefly stated as
follows: In May, 1887, George E. White commenced an action
to foreclose a mortgage executed by Milo Patton and J. H.
Patton on a tract of land owned by them, to which action the
defendant herein, David Thomson, was made a party defend-
ant on the ground that he claimed a subsequent lien upon the
mortgaged land. Thomson appeared, and filed a cross-com-

plaint setting up his subsequent mortgage executed by Milo and J. H. Patton on the same land, and praying that it be foreclosed, but failed to serve his cross-complaint on the Pattons, his codefendants, against whom he prayed for such relief. In October, 1887, the Pattons having failed to answer or appear, the court decreed a foreclosure of each mortgage, ordered a sale of the land, and directed the proceeds of the sale to be applied—First, to the payment of $5,127 found due on White's prior mortgage; and, second, to the payment of $4,500.34 found due on Thomson's subsequent mortgage; and further ordered the docketing of a judgment in favor of Thomson against the mortgagors for any deficiency, etc. On November 28, 1887, in pursuance of the order of sale, the sheriff sold the mortgaged land to Thomson for the sum of $8,400, and, no redemption having been made within the time limited by law, conveyed the land to Thomson. In September, 1888, the mortgagors (the Pattons) appealed from the judgment of foreclosure, whereupon in December, 1890, so much of the decree as pertained to the foreclosure of Thomson's mortgage, and the docketing of a judgment in his favor, was reversed, and "the cause remanded," for the reason that Thomson's cross-complaint had been served on the mortgagors: 87 Cal. 151, 25 Pac. 270. The remittitur was filed in the lower court January 17, 1891, but it is not alleged whether or not there has been any further proceeding in the case since the filing of the remittitur. The proceeds of the sale of the mortgaged property ($8,400) exceeded the amount necessary to satisfy White's prior mortgage and costs by the sum of $3,080.32, but what disposition was made of this excess is not alleged. J. H. Patton having died December 1, 1890, letters of administration upon his estate were issued to James A. Foster May 26, 1891. Upon these facts the plaintiffs demand judgment against the defendant for $3,080.32, the excess of the proceeds of the foreclosure sale after payment of White's prior mortgage and costs.

The appellants found their right of action upon the second clause of section 957 of the Code of Civil Procedure, which provides that in cases of reversal or modification of a judgment "the appellant may have his action against the respondent enforcing [who may have enforced] the judgment, for the proceeds of the sale of the property, after deducting

therefrom the expenses of the sale." The words in brackets are inserted in the above quotation as expressive of the intended meaning of the word "enforcing," immediately preceding, and for the same purpose a comma is inserted after the word "judgment"; for it could not have been intended that the "relief" which the appellant may have under this clause is the "enforcing" of the judgment which had been reversed or modified. The complaint shows that there were two judgments of foreclosure—one in favor of the plaintiff White, foreclosing his prior mortgage, and the other in favor of the defendant, Thomson, on his cross-complaint, foreclosing his junior mortgage; but it is not alleged that Thomson ever enforced his judgment, nor that it ever was enforced. The allegation is that "an order of sale upon the judgment so rendered in said action of George E. White against Milo Patton, J. H. Patton, David Thomson, and Henry Marks was duly issued by the clerk of said court, and was thereupon delivered to the sheriff." Not even the substance of the order of sale, or any part thereof, is stated. In all this there is no implication that the sheriff was ordered to sell, or did sell, by virtue of the decree in favor of Thomson in his cross-action, nor that the sheriff applied any part of the proceeds of the sale to the satisfaction of Thomson's mortgage. From the allegations that the sheriffs sold the land to Thomson for $8,400, and, after satisfying the decree in favor of White, "there remained the sum of $3,080.32," the presumption is that Thomson paid to the sheriff the full sum of the purchase money, and that the excess of $3,080.32 "remained" with the sheriff, who, for aught that is alleged, may have held it for the use, and subject to the order of, the plaintiffs herein. I think the court did not err in sustaining the demurrer, and that the judgment should be affirmed.

We concur: Haynes, C.; Searls, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is affirmed.