## MEGGINSON v. TURNER.

### S. F. No. 808; December 20, 1898.

#### 55 Pac. 795.

Appeal.—A Finding on Conflicting Evidence cannot be disturbed.

Bills and Notes.—Where Defendant in an Action on Notes alleges the conveyance to plaintiff of property as security, and asks for an accounting, it is not error to render judgment dismissing the cross-complaint, where the evidence shows that plaintiff holds the property, not as security, but as a naked trustee, and is ready to surrender the same.

APPEAL from Superior Court, City and County of San Francisco.

Action by Lawrence Megginson against J. F. Turner. From a judgment for plaintiff and an order denying a motion for new trial defendant appeals. Affirmed.

G. Gunzendorfer (Naphtaly, Freidenrich & Ackerman of counsel) for appellant; S. C. Denson for respondent.

CHIPMAN, C.—Action to recover the amount due on certain promissory notes. Plaintiff had judgment, from which, and from an order denying motion for new trial, defendant appeals.

Defendant, in his answer, by way of cross-complaint, claimed that he had conveyed to plaintiff certain real and

personal property as security of these notes, and asked for an accounting, and that he be allowed to redeem. He does not allege that plaintiff has sold any of this property or converted it. Plaintiff denied that he held any of defendant's property as security, and averred that whatever title he held was as trustee and in trust for defendant, which he stood ready to reconvey. The court found the due execution of the notes by defendant, and the amount due thereon, as to which the evidence is sufficient to justify the finding. It also found that the notes were not secured by any of the real or personal property conveyed by defendant to plaintiff as claimed by defendant, "but such properties as were conveyed to plaintiff were transferred to and held by him as trustee for the defendant." In its judgment the court dismissed defendant's cross-complaint.

Appellant contends that the court should have found as to the value of the properties conveyed to plaintiff by defendant, and should have adjusted the rights of the parties as to all the matters put in issue. The evidence as to the character in which plaintiff held the title to the property of defendant was conflicting. There was evidence tending to show that plaintiff did not hold the title as security for the debt, and the finding upon that issue cannot be disturbed. When the court found that plaintiff held none of defendant's property as security for the debt, it became immaterial, under the pleadings, for the court to find the value of this property. There was no occasion for an accounting, as defendant did not allege or claim that plaintiff had disposed of any of the property or converted any of it to his own use or benefit. There was no right of redemption involved, because the court found, upon sufficient evidence, that the property was not held as security. The case simply stated is this: Defendant owes plaintiff money on certain promissory notes. Plaintiff holds certain property belonging to defendant, not as security, but as a naked trustee, which he avows a willingness to surrender to defendant. We cannot see that the court could have done otherwise than to give plaintiff judgment, and dismiss defendant's cross-complaint, leaving defendant to such remedy as he may elect to pursue should plaintiff refuse to surrender defendant's property. Neither the pleadings nor the facts warranted

any other judgment than that rendered. The judgment and order should be affirmed.

We concur: Haynes, C.; Britt, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are affirmed.