[Civ. No. 242.    Third Appellate District.—March 5, 1907.]

## MARY POPE MURPHY and FLORENCE POPE FRANK, Respondents, v. UNION TRUST COMPANY, etc., Respondent; RUDOLPH SPRECKELS, Intervener, Appellant.

TRUSTS—SALES BY TRUSTEE—CONFIRMATION BY COURT—ABSENCE OF LAW—TERMS OF INSTRUMENT CONTROLLING.—In the absence of express law in this state requiring sales of property by a trustee, testamentary or otherwise, to be confirmed by a court, resort must be had to the terms of the instrument creating the trust and defining the duties of the trustee in determining whether the power of sale is unqualified or not subject, under any circumstances, to be controlled or interfered with by a court.

ID.—POWER OF TRUSTEE TO REINVEST AND TO SELL—CONFIRMATION—SPECIFIC PERFORMANCE—WANT OF JURISDICTION.—Where the instrument creating the trust vested the trustee with full title and power to change the investment and to reinvest with full power of sale in relation to the real property, the superior court had no jurisdiction of a petition by the trustee to confirm a proposed bid, unless a higher bid is obtained in court, or of an intervention by the proposed purchaser to enforce a confirmation of the sale by way of specific performance of an alleged contract of sale, and the court properly dismissed both proceedings, without reference to the moot question whether the alleged contract of sale did or did not exist.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.    J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Bishop, Wheeler, Hoefler, for Intervener and Appellant.

James L. Robison, for Plaintiffs, Respondents.

Hiller & Powers, for Union Trust Company, Respondent.

HART, J.—The respondent, Union Trust Company, a corporation, as trustee upon certain trusts declared in the last will and testament, and a codicil thereto, of Andrew J. Pope,

who died in the city of San Francisco about the eighteenth day of December, 1878, acquired and became seised in fee of certain real property situated in said city and county of San Francisco. In the month of September or October, 1902 (it is not clear which), Rudolph Spreckels, intervener and appellant, and I. W. Hellman, Jr., the secretary and cashier of the defendant corporation, had a conversation relative to said real property, and in which Mr. Spreckels made an offer to Mr. Hellman to buy said property for the sum of $226,000. After some discussion by the parties of the proposition, Mr. Hellman, according to his own testimony, said to Mr. Spreckels: ''I will tell you how we can arrange this; we will go into court, make the statement that we are offered $226,000, and ask the court to confirm it, and then, if there are any other parties that wish to raise the bid they can come forward and do so.'' There is little, if any, variance between Mr. Spreckels and Mr. Hellman as to the purport of the conversation to which we refer.

On the twenty-first day of October, 1902, Mary Pope Murphy and Florence Pope Frank, *cestuis que trustent* under the trust declared and created by the said will of Andrew J. Pope, deceased, instituted suit in the superior court of the city and county of San Francisco against the defendant and respondent, Union Trust Company, for the purpose of presenting to the court the proposition of Mr. Spreckels to purchase said property, and, according to the prayer of the complaint, to secure an order or decree of the court, directing ''the defendant to sell and convey the said premises for the said sum of $226,000, or such other sum as may be obtained therefor, subject to the confirmation by this court.''

The defendant filed an answer to the complaint denying the averments thereof and alleging that ''the defendant has the absolute authority and discretion, under the decrees of distribution, and the will and codicil mentioned in plaintiffs' complaint, to sell and convey any or all of the property belonging to said trust estate, and to reinvest the proceeds thereof in other investments, securities or other properties, at its absolute discretion; but the defendant is unwilling to sell and convey the real property particularly described in plaintiffs' complaint for the sum of $226,000, and is willing to sell said real property at a greater price than $226,000, if this honorable court will confirm the sale thereof.''

On the thirty-first day of October, 1902, Rudolph Spreckels, having previously been granted leave so to do by the court, filed a complaint in intervention. After confirming by appropriate averments the allegations of plaintiffs' complaint as to the offer of the sum of $226,000 for said property and alleging the fairness of the price thus offered, the intervener's complaint proceeds to allege that: "Intervener further avers that the defendant, Union Trust Company of San Francisco, then and there accepted the said offer subject only to the condition that this honorable court would confirm the said sale, and then and there agreed with intervener that the intervener should buy from it, the said Union Trust Company of San Francisco, and the said Union Trust Company of San Francisco should sell to him, and the said intervener, the real property in said complaint described for the said sum of two hundred and twenty-six thousand dollars, provided that this Honorable Court would confirm the said sale." The complaint in intervention also alleges that "intervener is ready and willing to complete the said purchase." The prayer of intervener's complaint is "that the said sale be confirmed and that the defendant be directed to make, execute and deliver to said intervener a good and sufficient deed of conveyance conveying the said property with a merchantable title to this intervener," etc.

Mary Pope Murphy and Florence Pope Frank, beneficiaries, as before explained, of the trust herein mentioned, and plaintiffs in the original complaint, and the defendant, Union Trust Company, each interposed an answer to the complaint in intervention, specifically denying the averments thereof. The complaint, as well as the complaint in intervention, is verified. The answer of the defendant to the complaint in intervention, among other averments, contains the following: "Further answering this complaint of intervener, this defendant alleges that it, as trustee of the trust set forth in the complaint of plaintiffs, had a verbal understanding, and no other, on or about October 1st, 1902, with said intervener, that it would sell the real property described in the complaint of plaintiffs, to said intervener, for two hundred and twenty-six thousand dollars, provided that no higher sum than two hundred and twenty-six thousand dollars was offered by third persons therefor through bids made in this Honorable Court, and provided further, that the sale to said intervener of said

property for the sum of two hundred and twenty-six thousand dollars, or the sale to a third person bidding more than two hundred and twenty-six thousand dollars, as hereinabove mentioned, should receive the confirmation of this Honorable Court.''

Upon the issues thus made up, a trial was had and judgment went for the defendant, dismissing both the complaint and the complaint in intervention. A motion for a new trial was made by intervener and refused by the court. The intervener appeals from the judgment and from the order denying his motion for a new trial.

The court, from the evidence adduced, found that within ten days prior to the commencement of this action, as alleged in the complaint, the defendant, as trustee, was offered the sum of $226,000 for the real property involved in this controversy, and that the plaintiffs, as beneficiaries under the trust, requested the defendant, as trustee, before the inauguration of the suit, to make a sale and conveyance of the ''said real property, and the defendant refused to do so''; that the said offer of $226,000 was made for said real property to defendant by the intervener, Rudolph Spreckels; that the ''defendant did not at any time agree with the intervener that the intervener should buy from it, or that the defendant should sell to the said intervener, the real property in said complaint described, for the said sum of $226,000 or for any other sum. That the defendant did not at any time agree with the intervener that the intervener should buy from it, or that the defendant should sell to the said intervener, the real property in said complaint described, for the said sum of $226,000, or for any other sum, provided that this court would confirm said sale.'' The court concluded as a matter of law, from the facts found, that ''the defendant, as trustee as aforesaid, is vested with full power and authority to manage the said trust property, and to exercise its own discretion as to when, and how, and to whom, and upon what terms, and for what consideration it shall or may sell and convey the same, without any order or direction of this court in the premises,'' etc.

At the trial there was received in evidence, over the objection of intervener, a written offer signed by one Henry Kahn, and addressed to defendant, to purchase the property in dispute for the sum of $230,000, or $4,000 in excess of the sum offered by Mr. Spreckels. Accompanying this offer was a

check for $5,000, payable to the order of defendant, and tendered as a deposit or payment on account of said proposed purchase price.

Counsel for respondents contend that, so far as the intervener is concerned, the proceeding here is in the nature of and nothing less than a suit for the specific performance of a contract to sell real property. This contention is opposed by appellant. It is claimed by him that the proceeding, ''although cast in the form of a civil action,'' to adopt the language of his counsel, ''amounts to no more than a report by a trustee to the court, of the fact that a contract of sale had been made by him and a request of the judgment of the court confirming his action in making the contract.'' In its practical purpose and effect, it would at least appear that the relief sought by the suit is that suggested by counsel for respondents. But we do not feel at liberty to consider the case from that point of view. We deem it our duty rather to confine ourselves in the consideration of the record and in reaching a conclusion on this appeal to the theory upon which the cause was tried in the lower court and as presented here by appellant. And we do not, therefore, feel called upon to declare whether or not, as within the scope of intervener's complaint and the issues, a decree specifically enforcing the performance of the alleged contract, assuming the evidence warranted it, could appropriately have been demanded. We shall, as we have declared, direct our investigations toward the solution of the question of whether or not the proceeding, under the theory of appellant as the case was presented in the court below and urged upon this appeal, was one by which the controversy upon the merits could be definitively or at all determined and settled by the court. What we are asked to do is (to quote from appellant's brief) ''to reverse the judgment for failure of the evidence to support the finding that no contract was made, and *direct the lower court to enter a judgment confirming the sale,* in accordance with the evidence introduced.''

Although several questions are presented and discussed by counsel, there is, after all, in the consideration of the case upon appellant's theory, but one point necessary to be noticed and determined, which may be stated in the form of a question, thus: Was it within the duty of the court under the law, viewed through the circumstances developed at the trial, to order a confirmation of the sale, assuming that a perfect agree-

ment by defendant to sell to intervener had been made, and assuming that "no further and higher bids" had been offered for the property? This question involves, of course, the jurisdiction of the court to act in the premises, and its decision must depend upon the proposition, first, of whether there is any rule of law requiring confirmation in such a case, and second, if there be no law upon the subject, then upon the nature and extent of the authority with reference to the trust property vested in the trustee by the terms and provisions of the will declaring the trusts. If the trustee is clothed, by the instrument creating and declaring the trusts, with plenary and discretionary authority to conclude a contract for the sale and disposition and investment of the trust property and funds, subject, of course, to the purposes of the trust, without the intervention or supervisory control of the court, either by the commands of the trust clauses of the will or of law, then this proceeding under the issues as framed and presented must be held to have been entirely gratuitous or *coram non judice.*

As to the first proposition, there cannot be found in our law any express requirement that sales of property by a trustee, testamentary or otherwise, shall be confirmed by a court. And it is admitted by appellant "that there is no decision in this state fixing the rules upon which a court may or may not refuse to confirm the sale of a trustee," although he undertakes to maintain that upon the court is imposed the legal duty of confirming the sale of the trustee here by analogy to the court's power and *duty* to confirm the sale of an executor. But as to whether this last-mentioned position would or would not be maintainable under certain special circumstances, it is not necessary for us to decide. We are, in the absence of express law requiring the confirmation of a sale by a testamentary or other trustee of an express trust, to look to the instrument creating such officer and defining his duties, for the purpose of ascertaining with what authority over the trust property he is clothed by said instrument, and whether such authority is without qualification or not subject under any circumstances to be controlled or interfered with by a court.

The last will and testament of the deceased was admitted in evidence, and we find that the powers granted thereby to the trustee over the trust property are defined in the following language: "and I give and bequeath to said three trustees

(the predecessors of defendant) the sum of one hundred thousand dollars upon trust to invest the same in their names in any funds or securities of the United States or of the City and County of San Francisco, then considered responsible and permanent, or in improved real estate in the City of San Francisco, or to place the same out at mortgage on real securities in this state, or in any other state in the United States, with the liberty to change the investment or investments at their discretion for any other, of the kind above described, and to accumulate the yearly income and profits by similar investments,'' etc. It will at once be observed from the language thus quoted from the trust clause of the will of the deceased, that there can be nothing clearer than that the testator intended to, and did thereby, confer upon the trustees, and their successor, defendant, full, complete and unquestionable discretionary power and authority to deal with the property made the subject of the trust. Indeed, the language of the trust clause is so plain and free from ambiguity that there is even no dispute here as to what the testator meant and intended by it, for in their opening brief, counsel for appellant say that ''the Union Trust Company, defendant herein, holds title to a certain piece of real property situated in San Francisco, on the corner of Summer and Montgomery streets, as trustee under the will of Andrew J. Pope, *having full powers of sale in relation thereto.*''

We think the court was without jurisdiction in the matter. The trustee, under the terms of the instrument of its creation, has, as seen, absolute discretion vested in it to dispose of the trust property without referring a proposed sale to the court for its judgment as to whether the sale or contract of sale should be consummated or not. There is, admittedly, no law, either legislative or deducible from judicial construction, in this state, which, under the circumstances of the case at bar, authorizes any such proceeding, and in the absence of any authority for any such proceeding in the trust clause of the will of the deceased, the same could amount to no more than if the parties had agreed to refer the proposition of sale to some third party, who could, of course, act or not act upon the matter, according to his own pleasure. The court below, after hearing the evidence and thus learning the nature of the proceeding, concluded, as a matter of law, that no duty devolved upon it to act in the matter, and properly, we think, dismissed

the complaints.  The authorities cited by counsel relate to the duty of the court in the case of the sale of property by an executor.  They are not in point here.  A court having jurisdiction of proceedings involving the estates of deceased persons always retains jurisdiction over such estates until their final settlement and the discharge of the executor or administrator. The law charges courts with the exercise of special care and control over such proceedings, and the statute expressly provides for and requires the concurrence of the court in sales by executors and administrators of property belonging to the estates of deceased persons.  In the case of trust property, as we have shown and as has been conceded, there is no such duty expressly imposed upon the court by the law, and the court cannot acquire jurisdiction to exercise or perform such duty in such a case by the mere agreement of the parties.  We hold that the proceeding as presented submitted for the decision of the court a moot question only, and that the court's action in dismissing the complaints was absolutely proper. From this view of the case, it is apparent that whether the evidence supports the findings of the court as to the alleged contract, or whether the evidence might or might not sustain a decree for the specific performance of the alleged contract of sale, if such relief may be said to be within the fair import of the complaint in intervention, are questions which, as we have before indicated, possess no significance or importance.

Judgment and order are affirmed.

Burnett, J., and Chipman, P. J., concurred.