[Civ. No. 4554. Third Appellate District.—April 18, 1932.]

KING C. GILLETTE et al., Appellants, v. HEDVIG GILLETTE et al., Respondents.

Conant Wait and Vernon Bettin for Appellants.

Loeb, Walker & Loeb and Earle M. Daniels for Respondents.

THOMPSON (R. L.), J.—This is an appeal from a judgment which was rendered pursuant to an order sustaining a demurrer without leave to amend, on the ground that the court is without jurisdiction to approve an accounting in a private trust. The action is based upon a voluntary accounting of an express private trust which was created by a written declaration thereof. The sole object of this accounting appears to have been to secure an order of the chancellor compensating the trustees and their attorneys for services performed in the execution of the trust.

The petition alleges that King C. Gillette and Edwin B. Root are the duly appointed trustees who were designated in a written declaration of trust, the essential terms of which are recited; that the fund is termed the "Fanny Gillette Stevens Trust"; that as such trustees they were possessed of certain stock of the Gillette Safety Razor Company, together with the dividends and income accruing therefrom, having full power to sell and convey the same and to reinvest in other securities according to their best judgment; that they were authorized to pay all taxes, assessments and "expenses of the management of the trust"; that they were directed to distribute monthly to four named beneficiaries during their natural lifetime specified portions of the net income and profits derived from the securities, and at the death of the beneficiaries they were to transfer to their representatives designated portions of the remaining principal sum of the trust fund; that on January 1, 1929, there remained in this fund the sum of $2,480,758.08; that one of the beneficiaries died leaving surviving him certain heirs, including one minor child. A complete verified and detailed schedule of accounts for the year 1929 was attached to the petition. It is alleged the declaration of trust fails to specify the amount of compensation which the trustees may retain for services performed. The petition prays for an order of court approving the account and fixing the compensation of the trustees and their attorneys for services rendered on account of the trust estate. No controversy between the interested parties regarding the account or the compensation is alleged.

Separate demurrers to this petition were filed in behalf of the various beneficiaries, challenging the jurisdiction of the

642

court to settle the accounting of this private trust on the ground that it appears there is no controversy or dispute regarding the trust estate or the accounting thereof. These demurrers were properly sustained without leave to amend. A judgment was rendered accordingly, from which this appeal was perfected.

The trust which is involved in this proceeding is an express private trust which was created by a duly executed written instrument. Private trusts are defined as "Those created by some written instrument, deed or will, or in some trusts of personal property by a mere verbal declaration without any writing, for the benefit of certain and designated individuals, in which the *cestui que trust*, or 'beneficiary' is a known and certain person or class of persons." (1 Pomeroy's Equity Jurisprudence, 9th ed., 185, sec. 152.)

Section 1060 of the Code of Civil Procedure, with relation to declaratory relief, furnishes no authority for the maintenance of the present proceeding. That section provides in part:

"Any person interested under a deed, will, or other written instrument . . . may, *in cases of actual controversy* relating to the legal rights and duties of the respective parties, bring an action in the superior court for a declaration of his rights . . . "

■ The petition in this case does not present any actual controversy relating to the legal rights and duties of the parties involved in the trust. Jurisdiction is therefore not conferred upon the court by this proceeding for declaratory relief under the provisions of section 1060, *supra*. No declaratory relief may be awarded where no controversy exists and when no one complains regarding the construction of a document.

It is asserted the petition herein constitutes a special proceeding authorizing the court to instruct the trustees regarding the administration of their trust similar to the manner provided by section 1120 of the Probate Code. We are not in accord with this theory. ■ Jurisdiction is specifically conferred upon the probate court by the provisions of section 1120, *supra*, to render "instructions as to the administration of the trust" which is created by will, when the trust survives the distribution of the probating of the estate. It is there said:

"When a trust created by a will continues after distribution, the superior court shall not lose jurisdiction of the estate by final distribution, but shall retain jurisdiction for the purpose of determining to whom the property shall pass and be delivered upon final or partial termination of the trust, to the extent that such determination is not concluded by the decree of distribution, of settling the accounts and passing upon the acts of the trustee."

In the present case the trust was not created by will.

The phrase "special proceeding" is a mere generic term to designate the character of all civil remedies which are not included within the ordinary characterization of actions. (Secs. 22, 23, Code Civ. Proc.; 7 Words & Phrases, 1st ser., 6587; *In re Central Irr. Dist.*, 117 Cal. 382, 387 [49 Pac. 354]; *In re Herman*, 183 Cal. 153, 156 [191 Pac. 934].) Jurisdiction in special proceedings is generally conferred by statute. Part III of the Code of Civil Procedure authorizes the maintenance of certain special proceedings. Among others which are thus provided for are the contest of elections, the dissolution of the copartnerships, a change of names, the operation of sole traders and the establishment of official newspapers of general circulation. ■ In the absence of statutory provisions authorizing special proceedings, the mere fact that a private transaction does not involve "the enforcement or protection of a right, the redress or prevention of a wrong or the punishment of a public offense" does not necessarily constitute it a special proceeding over which a court may exercise jurisdiction. If this were true our courts would be overwhelmed with a multitude of duties such as adjusting private accounts and furnishing advice upon law and facts where no controversy exists. No principle is better established than that courts are without jurisdiction and will refuse to determine mere abstract moot questions which involve no real or substantial controversy. In 39 Cyc., at page 316, it is said:

"Except where an intention of the settlor that the execution of the trust shall be under the supervisory control of the court is manifest in the instrument creating the trust, will it, of its own motion, or at the instance of interested parties, interfere with the performance of his duties by the trustee, and the exercise of the discretionary powers conferred upon him, unless there is shown bad faith on his

part, or a gross and arbitrary abuse of discretion, or a complete refusal to act in the premises."

In the latter portion of section 104 of 21 Corpus Juris, at page 130, it is said:

"The trustee has no right to come into a court of equity without some reasonable ground therefor, and a case must be presented where the action of the court is invoked as distinguished from an abstract opinion."

In the present case, since there is no dispute between the trustees and the beneficiaries concerning the account which they rendered or respecting the amount of their compensation, we must assume the interested parties will have no difficulty agreeing upon a settlement of the affair. If the court is required to determine the compensation of the trustees in the present case when no controversy exists, a multitude of moot questions may overwhelm our courts. The case of *Collier* v. *Lindley*, 203 Cal. 641 [266 Pac. 526], presents a situation similar to the one which is involved in this proceeding. In that case Haynes and his wife created a charitable trust by a written declaration under the name of "The John Randolph and Dora Haynes Foundation". Paragraph 16 of the trust document contained this language:

"In the event that this instrument does not create a valid, charitable trust . . . the sum of $500 out of the *corpus* of the estate, shall belong to, and be forthwith paid to John Collier."

Collier instituted proceedings under the provisions of section 1138 of the Code of Civil Procedure to construe the document on the theory that it contained "a question in difference" affecting the validity of the instrument. The court said:

"The provision for the payment to him of the sum of $500 conditioned upon said trust or some portion thereof being invalid is nothing more nor less than a thinly veiled attempt to engage the attention and compel the labors of the several courts of record of this state in order to effectuate a judicial determination of the validity or invalidity of said trust at once and in advance of any real contest or controversy between the parties in interest. . . . We hold it to be in plain violation of the spirit and intent . . . of the general principle that courts should only be employed in the adjudi-

cation of actual as distinguished from moot questions and controversies when these are brought before them in the regular and orderly course of litigation by those parties only who are directly interested in their adjudication.''

In that case, however, the court assumed jurisdiction for the sole reason that the charitable trust involved a matter of public interest. No such public interest is involved in the present action. This proceeding involves only a private transaction where no controversy or dispute exists. The foregoing language of the Supreme Court is therefore pertinent and controlling.

If a court of equity has jurisdiction to settle a trustee's account and allow compensation for his services, it may be required to supervise and control all of the acts of the trustee irrespective of the absence of controversy. These are not among the duties imposed upon courts.

In the case of *Murphy* v. *Union Trust Co.*, 5 Cal. App. 146 [89 Pac. 988], it was held a court had no jurisdiction to confirm the sale of real estate which was made under a delegation of authority contained in a declaration of trust.

There appears to be nothing in the authorities which are cited by the appellant in conflict with the foregoing conclusion that in the absence of controversy a court of equity has no jurisdiction to settle accounts or fix compensation of a trustee who is given full power to act under an express private trust which is not associated with the terms of a will in the process of probating the instrument. In the New York cases cited by appellant it appears the statute of that state specifically authorizes the maintenance of such an action for the accounting of a trustee. This may be true in other jurisdictions. California has no such statute. The appellant has incompletely quoted from 26 Ruling Case Law, 1372, section 233. The omitted portion of that section enables us to reconcile that text with the foregoing conclusions. It reads in part:

''A court of chancery has power to direct and control the manner of the execution of an active trust, and there can be no doubt of the general power and authority of a court of chancery to entertain jurisdiction of cases in which trustees ask for protection and guidance in the performance of their duties. *But the cases which fall under this head of*

*equity are those in which there are conflicting claims to the trust estate . . . "*

In the case of *Megginson* v. *Turner,* 6 Cal. Unrep. 208 [55 Pac. 795, 796], the court says:

"There was no occasion for an accounting, as defendant did not allege or claim that plaintiff had disposed of any of the property or converted any of it to his own use or benefit."

In *Buchner* v. *Wait,* (Tex. Civ. App.) 137 S. W. 383, 388, the court says:

"The petition shows no necessity for invoking the equity powers of the court to require an accounting by the trustee, nor does it show any matters in dispute between the parties. . . . It is expressly alleged in the petition that the trustee has rendered an account to the plaintiffs, and the correctness of that account is not questioned, and there is no issue between the parties as to their respective interests in the estate."

We are persuaded the superior court was without jurisdiction to settle the account or award compensation for services of the trustees or their attorneys in the present proceeding, and that the demurrers were therefore properly sustained without leave to amend.

The judgment is affirmed.

Preston, P. J., and Plummer, J., concurred.