[S. F. No. 15027. In Bank.—March 28, 1934.]

ELIZA F. H. MIDDLECOFF, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Lafayette J. Smallpage and Charles H. Epperson for Petitioner.

Hewitt & Perkins and Charles W. Dempster for Respondents.

THE COURT.—This is an original proceeding in *mandamus* to compel the respondent Superior Court to entertain jurisdiction and to proceed with the hearing of a petition for removal of the respondent Lowell L. Middlecoff as trustee, and to settle his account.

In 1909 and 1910 judgments in two partition proceedings were entered in the Superior Court in and for the County of Los Angeles, wherein W. W. Middlecoff, the then husband of the petitioner, Eliza F. H. Middlecoff, was appointed as trustee to receive the proceeds from the sales of real property involved in those proceedings, and to invest and reinvest such proceeds and apply the income therefrom to the purposes of the trust. Those partition proceedings were

numbered respectively 67,314 and 73,998 in the records of the respondent court. By those judgments the ownership of the petitioner during her lifetime in all but a small proportion of said properties, and the common ownership in the remainder of her two minor sons, Henry Hubbard Middlecoff and Robert Fitch Middlecoff, were decreed. A sale of the properties was provided for and had, the proceeds to be held in trust with the same rights of ownership as the property sold, the income therefrom to be paid to the beneficiaries in the same proportion. The trustee was directed to discharge the duties of his trust subject to the order and approval of the court as to the matter of investment of the proceeds. The judgment directed the trustee to report to the court as required by the court and by law until his discharge. A bond in the sum of $40,000 was required. The trustee so appointed duly qualified and entered upon the discharge of his duties.

On December 14, 1910, W. W. Middlecoff, as trustee, with the approval and authority of the respondent court in said proceedings, made a loan of the trust funds consisting of the sum of $42,650 to the petitioner. Also, with the approval and authority of the court, the trustee received from the petitioner, as security for the loan, a mortgage on improved property in Los Angeles called the Iris Apartments. This mortgage was duly recorded. W. W. Middlecoff discharged the duties of trustee of said trusts until April 30, 1914, on which date he resigned, and Los Angeles Trust and Savings Bank was appointed by the court to succeed him as such trustee.

On July 20, 1915, the petitioner executed a deed of the fee of the Iris Apartments to Los Angeles Trust and Savings Bank. On July 22, 1915, the bank executed a declaration of the trusts upon which it held said property, which was also signed by the petitioner. It provided that the income from the property was to be paid by the bank, as trustee, to the petitioner during her lifetime. The trustee was given the right to sell the property at any time a sale might be necessary or desirable, with the right to mortgage the property to secure any loan to be used in repairing or improving the property, or in paying taxes or assessments. The declaration provided that the conveyance to the trustee should not have the effect to merge the existing mortgage

for $42,650 and the fee, but the mortgage should subsist as a lien against the property and in the event of a sale the loan should be paid by the trustee out of the proceeds of the sale. This trust will be designated herein as the private trust.

In November, 1928, the bank resigned as trustee of the private trust. On November 28, 1928, in a proceeding in the respondent court numbered 266,277, the bank's resignation was received and the respondent Lowell L. Middlecoff was appointed by the court to succeed it as such trustee, and to serve without bond. The bank also resigned in proceedings numbered 67,314 and 73,998, and Lowell L. Middlecoff was also appointed its successor in those trusts to serve without bonds.

On December 24, 1928, Lowell L. Middlecoff, as trustee-mortgagee, without the order or approval of the respondent court and without repayment of the loan of $42,650, released and satisfied of record the mortgage on the Iris Apartments given to secure said loan. On January 9, 1929, as trustee of the Iris Apartments, he obtained a loan of $20,000 from the Pacific Mutual Life Insurance Company and executed as trustee a deed of trust of the Iris Apartments as security.

On July 19, 1932, Lowell L. Middlecoff filed in the respondent court his first report and account as trustee, and entitled his said report in all of said proceedings numbers 67,314, 73,998, and 266,277 consolidated. The matter was set for hearing on August 10, 1932. The petitioner filed her objections to the settlement of the account as rendered. The hearing on the account and the objections thereto was continued from time to time until finally, after repeated applications of the petitioner, it was set for August 4, 1933. On July 18, 1933, the petitioner filed in the respondent court, entitled in all three consolidated proceedings, her petition for removal of Lowell L. Middlecoff as trustee. In addition to said Lowell L. Middlecoff as such trustee, she named as respondents in her petition for removal, her two sons, now adults, as beneficiaries, and her divorced husband, W. W. Middlecoff. An order to show cause was issued and personally served on the respondents. August 4, 1933, was designated as the return date in the order. The petition for removal charges a conspiracy between Lowell L. Middlecoff and W. W. Middlecoff to defraud the petitioner

as beneficiary of the trusts, and charges the receipt by W. W. Middlecoff of the proceeds of the loan obtained from the Pacific Mutual Life Insurance Company. The petition for removal, among other things, also alleges that, although a sale of the Iris Apartments is reported by the trustee for the sum of $40,000, in truth the property was sold for the sum of $45,000.

The respondents named in said petition for removal filed their "objection to jurisdiction" entitled in all three proceedings, whereby they entered their objection to the settlement of the account of the trustee on the ground that the respondent court had no jurisdiction of the subject matter of said account, or of the private trust mentioned therein, or of the parties thereto. The respondents named in said petition for removal filed a demurrer to the petition for removal also entitled in all three proceedings consolidated. Special grounds of demurrer, among others, were that the respondent court had no jurisdiction of the subject matter involved in case No. 266,277, nor of the declaration of the private trust described therein, nor of the parties thereto; and that the court in said proceedings numbered 67,314 and 73,998 had no jurisdiction of the subject matter of the private trust mentioned in proceeding numbered 266,277. The respondent court made its order declining to hear and determine the account and the objections thereto, or the petition for removal of the trustee and the order to show cause issued thereon, on the ground that it had no jurisdiction thereof; whereupon the petition herein was filed. The matter is submitted on the petition and the answer of the respondents thereto.

In the respondents' answer it is alleged that although the account filed on July 19, 1932, contained the numbers in all three proceedings, said account nevertheless had no reference to the acts done by the trustee under said trusts except with reference to the subject matter of said private trust of the Iris Apartments, and contains also a statement of receipts and disbursements with respect only to income from said Iris Apartments and property purchased with the proceeds from the sale thereof, and other matters in connection only with said Iris Apartments and said private trust. It is further alleged in the answer that during the course of the hearing on the demurrer to the account and the petition for removal in the respondent court, Henry Hubbard Middlecoff filed a

complaint for partition respecting all of the property included in said private trust and in said trusts involved in proceedings numbered 67,314 and 73,998, and that said complaint in partition is numbered 360,833 in the records of the Superior Court in and for Los Angeles County. A copy thereof is annexed to the respondents' answer herein. Said complaint names as defendants, Robert Fitch Middlecoff, an incompetent person, by W. W. Middlecoff, his guardian; Eliza F. H. Middlecoff, the petitioner herein; Lowell L. Middlecoff, as trustee, and several fictitious defendants. It is alleged further that the attention of the respondent court was called to the fact of the initiation of such proceeding by the filing of said complaint in partition, and that Lafayette J. Smallpage, the attorney representing the petitioner, thereupon in open court accepted service of said complaint on her behalf; that prior to the filing of the petition for writ of mandate herein the petitioner filed and served her answer to said complaint. The respondents assert by their answer and by said complaint that prior to the filing of the petition for the writ of mandate the petitioner became chargeable in said court trusts with the sum of $13,150, the difference between the loan to her of $42,650, and the sum realized on the sale of the Iris Apartments; that in the private trust the petitioner became charged with the additional sum of $5,800, which it is alleged is $4,800 more than the petitioner's full interest in that trust. The respondents also allege that the petitioner has a plain, speedy and adequate remedy at law and in equity in said partition action No. 360,833.

The respondents rely principally upon the cases of *Gillette* v. *Gillette,* 122 Cal. App. 640 [10 Pac. (2d) 760], and *State* v. *Muench,* 217 Mo. 124 [117 S. W. 25, 129 Am. St. Rep. 536], to support their contention that the respondent court has no jurisdiction to settle the account filed by the trustee or to hear the petition for his removal as trustee. We may take the declaration in the case of *State* v. *Muench, supra,* to be a correct statement of the law, where not inconsistent with pertinent statutory provisions, viz., that the court in the matter of a private trust, having appointed a new trustee and provided for his bond and invested him with title, has exhausted its jurisdiction over the subject matter, and that the court thereafter has no power to administer the trust or settle the account of the trustee. In the case

of *Gillette* v. *Gillette, supra,* it was determined that the court was without jurisdiction to settle an undisputed voluntary account of the trustee of a strictly private trust, or to fix the amount of compensation to be paid the trustees and their attorneys for their services in such a matter. The court there, however, excluded from the effect of its declaration any such matter as to which there was a dispute or controversy.

We may, on the facts presented, assume that if the account voluntarily filed by the trustee is in truth and in fact an account strictly of his activities, receipts and disbursements in relation only to the private trust, the court in said proceeding numbered 266,277 had no further jurisdiction to act in the matter. We may also assume without deciding that in such a case, where a controversy exists, the processes of the court in an independent proceeding should be invoked. ■ But the case before us is not as simply disposed of as asserted by the respondents. The respondent court has power pursuant to section 2283 of the Civil Code to remove any trustee who has violated or is unfit to execute the trust. If the petition for removal pertained only to the private trust, no contention is or can be made that the jurisdiction of the court would not properly have been invoked on the same steps here pursued, should the petition for removal be considered as having been filed as an independent proceeding. The contention appears to be that because the petition was filed in said proceeding No. 266,277, it may not be considered as the initiation of a proceeding to obtain the removal of the trustee pursuant to said section 2283. We find ourselves unable to subscribe to such a proposition, at least on the facts here presented. The respondents do not deny the allegation that prior to the filing of the account, on the application of the trustee, proceeding No. 266,277 was, by order of court, consolidated with the other proceedings in which the court unquestionably had jurisdiction, and in contemplation of law the consolidated action is one proceeding. The petition for removal of the trustee, so far as the record shows, is not limited to a petition to remove him as trustee of the private trust alone. The petitioner is apparently seeking to remove him also from the trusteeship of the trusts involved in proceedings numbered 67,314 and 73,998, as to which there is no question of the continuing

jurisdiction of the respondent court. In the consolidated proceeding all of the activities of the trustee have become the subject matter for investigation by virtue of the filing of the petition for removal which now presents the controversy respecting all three trusts. There is nothing presented on the record before us to show that the petition for removal filed by the petitioner was not properly addressed to the equity jurisdiction of the respondent court. (*In re Thompson*, 101 Cal. 349 [35 Pac. 991, 36 Pac. 98, 508]; 25 Cal. Jur. 330; 26 R. C. L. 1276.)

█ Moreover, with respect to the account alone, the court in proceedings numbered 67,314 and 73,998 is not bound by the parties' statement that the account relates exclusively to the subject of the private trust. The trust *res* in those court proceedings was the mortgage given to secure the loan of the trust funds to the petitioner. Upon the fact being disclosed by the petitioner's objections to the account that the trustee without authority or repayment released and satisfied the mortgage of record, it might well be contended that he was accountable in proceedings numbered 67,314 and 73,998 for any impairment to the security by virtue of the unauthorized release and the unauthorized negotiation for a further encumbrance on said property to secure the $20,000 loan, and that the respondent court had power in those proceedings to investigate the account of the trustee and his further activities in relation to the property secured by said mortgage. Upon this additional reasoning we think the respondent court was not justified in refusing to proceed to a hearing of the account pursuant to the jurisdiction vested in it in proceedings numbered 67,314 and 73,998.

█ In support of their allegation that the petitioner has an adequate remedy at law and in equity, the respondents contend that the petitioner may be afforded in said partition proceeding numbered 360,833 all the relief which she seeks in said consolidated proceedings. The respondents rely upon the case of *Turney* v. *Morrissey*, 22 Cal. App. 271 [134 Pac. 335]. In that case the petitioner sought by a proceeding in *mandamus* to obtain equitable relief as to matters which were more appropriately the subject of an action in equity, and it was held that the petitioner was not entitled to a writ of mandate to secure the relief sought. That is not the situation here. On the present record it is shown that the

petitioner has invoked an adequate remedy in the appropriate equitable proceeding, i. e., by filing her petition for removal; and the only question before us is whether the respondent court has jurisdiction to grant the equitable relief sought. *Mandamus* is a proper proceeding in which to determine that question.

The alternative writ hereinbefore issued is made peremptory.

Rehearing denied.