[Civ. No. 10483. Second Appellate District, Division One.—November 1, 1935.]

OIL WELL SUPPLY COMPANY (a Corporation), Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Joseph J. Rifkind, A. I. McCormick and George Elstein for Petitioner.

Everett W. Mattoon, County Counsel, D. De Coster, Chief Deputy County Counsel, and Victor P. Showers for Respondent.

EDMONDS, J., *pro tem.*—Petitioner seeks a writ of prohibition against the superior court to prevent it from hearing the account of a trustee of a private trust and making an order thereon. The facts as we shall state them are undisputed.

A number of years ago Wigle & McBride, Inc., a corporation, executed a trust agreement for the benefit of its creditors, of which petitioner is one. L. T. McCutcheon, Harold A. Gilman and Frank H. Madden were named as trustees, and administered the property of the trust for some time. On March 10, 1930, each of the three trustees had either died or resigned. On that date the predecessor in interest of petitioner filed a petition in the superior court, alleging the existence of the trust without any trustee to administer it, and requesting the court to appoint a trustee. Upon a hearing of this petition the court made an order appointing L. T. Mc-

Cutcheon sole trustee. This order further provides "that the said L. T. McCutcheon be and he is hereby authorized and empowered to take possession of any and all books, records, files and papers of said trusteeship and to prepare and render an account of said trusteeship and the business and conduct thereof from its inception to this date". No appeal was ever taken from this order.

Some three years later L. T. McCutcheon filed his "First Account Current, Report and Petition for Instructions" which was set down for hearing. Thereafter the respondent court made an order therein approving and settling the account and instructing the trustee as to several matters. In July, 1935, the trustee filed his "Second Account Current, Report and Petition for Instruction". Thereupon the superior court made an order that the account, report and petition be set for hearing and that notice be given to the creditors and beneficiaries under the trust agreement by publication of the order once and by posting it in three public places in the county not less than ten days prior to the hearing. Petitioner here asserts that the court has no jurisdiction to hear the trustee's account and fix the rights of itself and others by this proceeding.

▆ Unless the superior court has jurisdiction of the subject-matter before it, any order made will be wholly void. "Jurisdiction in any proceeding is conferred by law; that is, by the Constitution or by statute. Jurisdiction of the subject-matter cannot be given, enlarged or waived by the parties." (*Harrington* v. *Superior Court,* 194 Cal. 185, 188 [228 Pac. 15].) ▆ The attempted accounting of the trustee is not an action (sec. 22, Code Civ. Proc.), and there is no authority for it under the statutes as a special proceeding, which is the other classification of judicial remedies. In fact, no provision for it is found in our statutes. In such a situation the court has no jurisdiction unless there is a wrong which requires judicial action, and there is no adequate statutory remedy. But a complete procedure for the determination of all of the property rights brought before the court by the challenged petition is available in the ordinary action. The established procedure must therefore be followed.

In a case involving a similar question where jurisdiction of the accounting of an express private trust was attempted to be upheld upon the ground that it was a special proceeding,

it was said: "The phrase 'special proceeding' is a mere generic term to designate the character of all civil remedies which are not included within the ordinary characterization of actions. (Secs. 22, 23, Code Civ. Proc.; 7 Words & Phrases, 1st ser., 6587; *In re Central Irr. Dist.*, 117 Cal. 382, 387 [49 Pac. 354]; *In re Herman*, 183 Cal. 153, 156 [191 Pac. 934].) Jurisdiction in special proceedings is generally conferred by statute. Part III of the Code of Civil Procedure authorizes the maintenance of certain special proceedings. Among others which are thus provided for are the contest of elections, the dissolution of the copartnerships, a change of names, the operation of sole traders and the establishment of official newspapers of general circulation. In the absence of statutory provisions authorizing special proceedings, the mere fact that a private transaction does not involve 'the enforcement or protection of a right, the redress or prevention of a wrong or the punishment of a public offense' does not necessarily constitute it a special proceeding over which a court may exercise jurisdiction." (*Gillette* v. *Gillette*, 122 Cal. App. 640, 643 [10 Pac. (2d) 760].)

The same conclusion was reached by the Supreme Court in a case which also involved a private trust, for which the superior court had appointed a successor trustee after the resignation of the trustee named in the declaration of trust. Thereafter the trustee so appointed filed his account and report, to which objection was made upon the ground that the superior court had no jurisdiction to hear such account and make an order thereon. In an original proceeding brought to compel the superior court to entertain jurisdiction and to proceed with the hearing of the account the court said: "The respondents rely principally upon the cases of *Gillette* v. *Gillette*, 122 Cal. App. 640 [10 Pac. (2d) 760], and *State* v. *Muench*, 217 Mo. 124 [117 S. W. 25, 129 Am. St. Rep. 536], to support their contention that the respondent court had no jurisdiction to settle the account filed by the trustee or to hear the petition for his removal as trustee. We may take the declaration in the case of *State* v. *Muench*, *supra*, to be a correct statement of the law, where not inconsistent with pertinent statutory provisions, viz., that the court in the matter of a private trust, having appointed a new trustee and provided for his bond and invested him with title, has exhausted its jurisdiction over

the subject-matter, and that the court thereafter has no power to administer the trust or settle the account of the trustee. In the case of *Gillette* v. *Gillette, supra,* it was determined that the court was without jurisdiction to settle an undisputed voluntary account of the trustee of a strictly private trust, or to fix the amount of compensation to be paid the trustees and their attorneys for their services in such a matter. The court there, however, excluded from the effect of its declaration any such matter as to which there was a dispute. or controversy.

"We may, on the facts presented, assume that if the account voluntarily filed by the trustee is in truth and in fact an account strictly of his activities, receipts and disbursements in relation only to the private trust, the court in said proceeding numbered 266,277 had no further jurisdiction to act in the matter. We may also assume without deciding that in such a case, where a controversy exists, the processes of the court in an independent proceeding should be invoked." (*Middlecoff* v. *Superior Court,* 220 Cal. 410, 415 [31 Pac. (2d) 200].)

The superior court had jurisdiction to appoint petitioner L. T. McCutcheon as trustee under the provisions of section 2287 of the Civil Code. But this jurisdiction cannot be enlarged or extended to include the determination of rights of property in the trust estate except in an action brought for that purpose, where those claiming the trust property may be brought before the court by the service of process in the manner prescribed by statute. The jurisdiction of the court in the original proceeding was exhausted upon the appointment of the new trustee. "By the service of the summons issued upon the complaint of plaintiff, the court acquired jurisdiction of the parties, and control of all the subsequent proceedings. (Code Civ. Proc., sec. 416.) But what is meant by those words, 'all the subsequent proceedings'? Manifestly it means proceedings upon that complaint, and for that cause of action. It had jurisdiction to hear and determine the rights of all the parties as to the questions involved in the cause of action stated in that complaint. . . . It did not follow that their default upon the plaintiff's summons would give the court jurisdiction to enter another, further, and different judgment against them, in favor of another and different party, upon another and different cause

of action, and of which they were in no manner put upon notice,—against which they had no 'day in court'. Such a proceeding, even if authorized by statute, would be in direct violation of a right guaranteed by the Constitution, and one depriving the parties of their property 'without due process of law'.'' (*White* v. *Patton,* 87 Cal. 151, 152 [25 Pac. 270].)

It is therefore ordered that the respondent superior court be and it is hereby prohibited from making or entering any judgment, order or decree in the *Matter of Trusteeship of Wigle & McBride, Inc., a Corporation,* No. 298–436 in said court.

Let the peremptory writ of prohibition issue accordingly.

York, Acting P. J., and Doran, J., concurred.