[S. F. No. 351. Department Two.—September 10, 1897.]

JOSEPH M. NOUGUES, Appellant, v. FRANCIS G. NEWLANDS, as Trustee of Estate of William Sharon, Deceased, et al., Respondents.

TRUSTS—UNAUTHORIZED CONVEYANCES BY TRUSTEE—PROTEST OF BENEFICIARY —IMPLIED TRUST — LIMITATIONS—RUNNING OF STATUTE — REPUDIATION UNNECESSARY.—Where a trustee of land, without the consent and against the protest of a beneficiary, made an unauthorized conveyance to the successor of another beneficiary, who took with full knowledge of the terms of the trust, the grantee took the legal title upon an implied trust in favor of the protesting beneficiary, as an involuntary trustee of a trust cast upon him by operation of law; and the statute of limitations against an action for an accounting and enforcement of the implied trust commenced to run upon the acceptance of such conveyance, and the limitation which bars the

action is four years from that time; nor is it necessary, in order to set the statute in motion, that the involuntary trustee should have attacked or repudiated the trust.

Id.—Recognition of Rights of Beneficiaries—Written Declaration Required.—A mere oral recognition by the involuntary trustee of the rights of the beneficiaries cannot operate in law to change his position from that of an involuntary to that of an express trustee; but, in order to accomplish this, the trustee must have declared the trust by a signed instrument in writing.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

J. M. Nougues, and Charles E. Nougues, for Appellant.

James M. Allen, and William F. Herrin, for Respondent.

HENSHAW, J.—Plaintiff filed his bill seeking an accounting from the defendants because of matters hereinafter set forth. The defendant Newlands was alone served with summons, and he appeared and interposed a demurrer to the bill: 1. Upon the ground that it failed to state a cause of action; and 2. That the cause of action stated was barred by the statute of limitations. The trial court held that the cause of action was so barred, and rendered judgment accordingly. From that judgment plaintiff appeals.

The bill is of great length, but the facts essential to this consideration may be thus summarized: In January, 1874, plaintiff Nougues, Henry F. Williams, one of the defendants, and William C. Ralston, by agreement associated themselves together in a joint venture for the purpose of purchasing, improving, and selling certain lands in the city and county of San Francisco. To this venture Ralston was to contribute money to purchase the lands in a sum not exceeding one hundred and seventy-five thousand dollars. Nougues and Williams were to improve these lands by bulkheading them and filling them in, and to contribute for this purpose an equal amount of money. Ralston's interest in the venture was to be one-half; that of Nougues and Williams one-fourth each. Maurice Dore was to act as trustee of the parties, was to purchase and contract for the purchase of the lands in his own name, and take the legal title thereto. If any lands were leased, the leases were to be taken in the name of Williams

for the benefit of the three partners. Under this agreement certain lots were purchased by Dore in his name, and contracts of purchase were made between Dore and others, Dore paying for Ralston a portion of the purchase price on the contracts. Ralston died on August 27, 1875, having on the day of his death executed a trust deed of all his property to William Sharon. Sharon accepted the trust and entered into the control and management of Ralston's property thereunder. After Ralston's death Dore declined to make further advances for the purchase of the lots, and so did Sharon, saving that in July and September of 1876 Sharon paid in the aggregate over eleven thousand dollars in fulfilling the terms of a contract of purchase which had theretofore been made with one Reis, and received a deed from Reis of the property. In November, 1875, and again in January, 1876, Sharon requested Dore to convey to him the property so held by him in trust. At all these times Sharon was fully informed of the terms and conditions of the agreement and joint venture of Ralston, Nougues, and Williams, and of Dore's relation thereto. Dore declined to comply with Sharon's request, again informing him of the conditions of the trust under which he held the property. On June 12, 1878, Sharon notified Dore of Ralston's deed of trust to him, informed him that he had advanced large sums of money for the payment of balances due on contracts of purchase of portions of the land, and demanded the conveyance by Dore of the property. Dore notified Nougues, who objected to the proposed conveyance, but, notwithstanding these objections, Dore did convey to Sharon upon the fourteenth day of June, 1878, and with the deed delivered to Sharon upon Nougues' request a notice in writing signed by Nougues to the effect that he, Nougues, was the owner of an undivided one-half of the property, and containing a statement of the terms and conditions upon which Dore held the title to the property in trust. Before the date of Dore's deed to Sharon Nougues had acquired from Williams his interest in the venture. Nougues and Williams had at that time expended the sum of one hundred and sixty thousand dollars pursuant to the terms of their agreement.

"William Sharon in his lifetime always recognized and admitted the interest of said defendant Henry F. Williams and

the plaintiff Joseph M. Nougues in said real property herein mentioned, and which was conveyed to him by the said Maurice Dore and the said Gustave Reis, as hereinbefore averred, but claimed that the estate of William C. Ralston, of which he was trustee, was insolvent; that he, said William Sharon, had been compelled to make large advances on the said property herein described and called and styled by him, said William Sharon, as 'Water lots, Channel and Berry streets'; and that the entire property was indebted to him, William Sharon, for advances made in fulfilling contracts of purchase, and for the payment of interest and taxes and interest due him, said William Sharon; and that the property had greatly depreciated in value, and that when reimbursed the money expended by him, whatever rights anyone had in and to said property would be settled and adjusted, and at all times recognized the claim and right of the said plaintiff, Joseph M. Nougues, and of said Henry F. Williams, defendants herein."

Sharon thus continued to hold the legal title to this property, saving the title to certain of the lots which he sold, until his death. He died upon November 15, 1885. In contemplation of death, upon November 4, 1885, he made a trust deed of all the property here in controversy, and of all the property of the estate of Ralston, to F. G. Newlands and F. W. Sharon. The trustees last named accepted the trust and entered upon its conduct. Thereafter, upon March 23, 1883, F. W. Sharon resigned as trustee, and Newlands became and ever since has been the sole trustee. No part of the lands in controversy has been disposed of by the trustees.

All the beneficiaries under the Sharon trust are without the jurisdiction of the court. Defendant Newlands is a nonresident of the state and a citizen of another state, and since the execution and delivery of the Sharon trust deed, upon November 4, 1885, has been absent from the state for four years, and at the time of the commencement of this action was absent from the state. This action was commenced upon January 29, 1892, more than thirteen years after the date of the Dore deed, nearly seventeen years after Ralston's death, and seven years after Sharon's death.

The questions coming here for consideration upon demurrer, and the matters well pleaded in the bill thus being taken as true,

it may at once be said that a cause of action is stated, and there is left for consideration the single proposition whether or not that cause of action is barred by the statute of limitations.

When Dore conveyed to Sharon he committed a clear violation of his trust, which, as pleaded, was to hold the legal title in his own name until a sale of the property, and then to dispose ratably of the proceeds of the sale. Sharon, taking the deed from Dore and the earlier deed from Reis with full knowledge of the trust, became an involuntary trustee of a trust cast upon him by operation of law. (Civ. Code, secs. 2223, 2224, 2244; *Lathrop v. Bampton*, 31 Cal. 17; 89 Am. Dec. 141.) That Nougues recognized that the Dore deed was in violation of the trust is shown by his protest against the making of it. Ralston's trust deed to Sharon did not create Nougues and Williams beneficiaries thereunder, and Sharon's acts and declarations concerning that trust deed could not enlarge its scope. (*Burling v. Newlands*, 112 Cal. 476.) In the case last cited the trust deed from Ralston to Sharon is set out *in extenso*. To what is there said there need be added for the purposes of this case no more than this, that, considering the relations which are pleaded to have existed between Ralston, Nougues, Williams, and Dore, Sharon by that deed occupied Ralston's place and succeeded to Ralston's rights in the venture. His right was to a share in the proceeds arising from the sale of the property. Ralston himself would have had no right to demand a conveyance from Dore, and Sharon as trustee acquired no better right.

From every point of view, then, Sharon became an involuntary trustee upon his acceptance of the Dore deed, and the statute of limitations commences to run against one who with knowledge of the facts has thus taken property in violation of an express trust immediately when the wrong complained of is done, and the limitation which bars the right of action is four years from the date of the act. (Code Civ. Proc., sec. 343; *Piller v. Southern Pac. R. R. Co.*, 52 Cal. 42.) In *Hecht v. Slaney*, 72 Cal. 363, it is said: "Whatever may once have been the rule, it is now well settled that the statute of limitations runs in favor of a defendant chargeable as trustee of an implied trust, and it is not necessary in order to set the statute in motion that he should have attacked or repudiated the trust."

The recognition by Sharon of the rights of Nougues and Williams, which is pleaded in a paragraph of the bill above quoted, could not operate in law to change the position of Sharon from that of an involuntary to that of an express trustee. To accomplish this Sharon must have declared the trust by a signed instrument in writing. (Civ. Code, sec. 852.) It is not averred that he ever did this, and, to the contrary, the matters pleaded distinctly negative the idea that such was the fact.

The amendments proposed by plaintiff were not such as would have relieved the complaint from the operation of the statute. It was not error, therefore, for the court to refuse leave to incorporate them in the pleading.

The judgment appealed from is affirmed.

McFarland, J., and Temple, J., concurred.