[L. A. No. 2033. In Bank.—March 28, 1911.]

WILLIAM T. McARTHUR, Administrator of the Estate of Beauchamp H. Smith, Deceased, Appellant, v. HIRAM W. BLAISDELL, Respondent.

ACCOUNTING—ALLEGED PARTNERSHIP—CONTRACT SHOWING TRUST RE-LATIONSHIP—EVIDENCE.—Where the complaint in an action for an

accounting alleges the existence of a partnership between the parties, and sets forth, as the basis of the action, a written contract which shows a trust relationship between them, evidence is admissible, notwithstanding the absence of formal proof of the partnership, of the transactions had and things of value received by the defendant under the contract, for which he was liable to account to the plaintiff.

Id.—Statute of Limitations.—Under section 343 of the Code of Civil Procedure, where such contract was completed on July 21, 1899, an action for an accounting based thereon, commenced on July 20, 1903, is not barred by the statute of limitations.

APPEAL from an order of the Superior Court of Los Angeles County refusing a new trial. Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

J. F. Conroy, for Appellant.

E. A. Meserve, for Respondent.

MELVIN, J.—An action was brought by Beauchamp H. Smith for an accounting and for certain specific property under an asserted copartnership. Judgment was given in favor of the defendant. Plaintiff moved for a new trial and this appeal is prosecuted from an order of the superior court denying said motion. After the appeal was taken the appellant died and William T. McArthur was duly appointed administrator of the estate of the deceased and was substituted as appellant.

The amended complaint which appears in the transcript bases the right to the relief demanded upon the alleged existence of a copartnership between defendant and the assignor of plaintiff's intestate created about February 21, 1899, whereby the partners agreed to share equally in all profits and losses of said enterprise, and it is further averred that the contract of copartnership was amended by a certain agreement dated March 1, 1899, a copy of which is made a part of the complaint. It is in evidence, however, that the case was partly tried under plaintiff's theory and pleading that the contract of March 1, 1899, itself created a copartnership, and the amendment to the complaint was made after the court

had ruled that the agreement witnessed a joint enterprise not in the nature of a copartnership. The court insisted that proof of the existence of the copartnership must be made before the other evidence might be produced. Such proof was not forthcoming and nearly all of the rulings of which appellant complains were based upon the omission to show partnership. By the contract which as an exhibit is made a part of the complaint, S. Morgan Smith, assignor of plaintiff's intestate and H. W. Blaisdell, the defendant, for the purpose of fixing and determining their mutual obligations, agree upon the proper manner of carrying out the provisions of a certain contract which they are about to make with the "King of Arizona Co.", (a corporation), for the erection of a plant and pipe-line, and the method by which they shall apportion the eighty thousand shares of the capital stock of said corporation to be paid them for their work of construction and for materials to be used. First, there is an agreed valuation of the machinery, lumber, etc., contributed by each of the parties. Next, it is stipulated that each party shall have the right to contribute one half of the necessary expense of carrying on the work for the "King of Arizona Company," but if either fails so to do the other reserves the right to furnish more than half the amount needed, receiving credit for the excess above his share so advanced, which shall bear interest at the rate of one per cent per month. The agreement next recites that when the eighty thousand shares of stock shall have been issued in payment for the work done and material furnished to the "King of Arizona Company" said shares shall be distributed to the parties in proportion to the amounts advanced by them respectively during the progress of the work. The rest of the contract relates to the salary of Blaisdell as manager, to his powers as superintendent, and to the method whereby he is to spend money for supplies.

The answer denied all of the material allegations of the complaint and pleaded the bar of the statutes—sections 337, 338 and 339 of the Code of Civil Procedure.

Findings of facts and conclusions of law were all practically in favor of the defendant, following closely the averments of the answer. The court found that there was no partnership between Smith and Blaisdell; that pursuant to the contract of March 1, 1899, Smith and Blaisdell entered into an agreement

with the "King of Arizona Company" to construct and equip its reduction plant, and that their compensation was to be two fifths of the stock of said corporation; that defendant was not called upon to furnish one half of the cost of said reduction plant and equipment; that defendant did not violate any duties toward any copartnership nor did he have any money belonging to said copartnership under his control. That neither the defendant nor his attorney received any stock from the "King of Arizona Company"; that S. Morgan Smith had not advanced any money for any copartnership existing between him and defendant and that defendant, Hiram W. Blaisdell, was not shown to have received any money, thing of value or property whatsoever, either from the "King of Arizona Mining & Milling Company," or from the "King of Arizona Company," or from any corporation or person in any manner growing out of or connected with the transactions or enterprises provided for by the contracts referred to and set out in plaintiff's amended complaint.

Appellant asserts that there were trust relations between Smith and Blaisdell and that the details of the work, the amounts received by Blaisdell, the sums paid to his assignees, and other matters, should have been allowed in evidence. We think that this contention is correct. Whenever proof regarding these matters was offered during the trial it was met with the objection that partnership had not been proven and the court sustained such objection. It is not necessary to examine the assigned errors in detail, as practically all of them are based on the court's theory that no evidence of any other transactions was admissible until satisfactory proof of a copartnership had been produced. In its rulings upon this subject the court was in error. The contract of March 1, 1899, was set out in full in the complaint and an accounting was demanded. Under the contract in question a trust relationship was created and if anything of value had been received by defendant, or in his behalf, pursuant to this agreement, there might, and probably would arise, a necessity for an accounting with the right of S. Morgan Smith, or his representative to demand it. It is true that the court found that Blaisdell had received nothing under the contract in question but that was after the rulings by which evidence on that subject was excluded.

The court found that the cause of action set out in the amended complaint was barred by the provisions of sections 337, and 339 of the Code of Civil Procedure. It is conceded that the original complaint was filed on July 20, 1903, although the record does not disclose the date. The complaint alleges that the contract was completed on July 21, 1899. This is not denied. Hence, if the action was begun on July 20, 1903, it is not barred. (Code Civ. Proc., sec. 343.)

We find no other alleged errors requiring attention.

The order denying defendant's motion for a new trial is reversed.

Shaw, J., Sloss, J., Angellotti, J., Lorigan, J., and Henshaw. J., concurred.