[Civ. No. 7108. First Appellate District, Division Two.—November 6, 1929.]

W. WILSON BURNS, Respondent, v. OSBORNE–FITZPATRICK FINANCE CO. (a Corporation) et al., Appellants.

Rush & Beirne for Appellants.

George S. Hupp, Ben F. Gray and James S. Jarrott for Respondent.

KOFORD, P. J.—Plaintiff recovered judgment for damages in this action for fraud and deceit practiced upon him by the defendants inducing him to buy twenty-five cemetery lots (called sections) for speculation at the price of $165 per lot. The measure of damages applied by the court was the difference in actual value of the property at the time this action was commenced and what it would have been worth at that time had the defendants' false representations been true and had the fraudulent promises been performed. No question is raised as to the measure of damage applied and no question is or was made as to the sufficiency of the evidence to show that the property would have been worth at least $165 per lot at the time suit was commenced if the representations and promises had been true and performed. In fact, this was a stipulated fact at the trial. Appellants' sole point upon this appeal is that there was no substantial evidence to support the court's finding that the actual value of the lots at the time suit was commenced was

but $10, making the total damage awarded plaintiff $155 for each of the twenty-five lots.

Upon this question the defendants produced several witnesses who fixed the actual value at $300 or $400 per lot as against the sole testimony of the plaintiff, who fixed it at $10. It is claimed that plaintiff did not show himself sufficiently qualified as an expert on the question to justify the court in admitting in evidence his testimony on value and in finding accordingly.

This point on appeal is not well taken. The plaintiff bought the lots July, 1923; the suit was commenced in October, 1925, and the trial was in February, 1927. Plaintiff was, therefore, the owner of the land. The evidence also showed that he owned other land in the vicinity of the cemetery, that he was a licensed real estate broker, having engaged in the real estate business in Los Angeles for twenty years (though not dealing as such in this kind of property), that he had made numerous efforts to sell the lots himself without response, that he had discussed the values with other owners and with defendants' employees, that he had urged and authorized the defendants to sell the lots as they had promised to do, and that in December, 1923, the whole scheme of selling the cemetery lots to the public for speculation was subjected to very unfavorable publicity, after which it was practically impossible to sell any of the lots either for speculation or for burials.

Deciding upon the qualification of a witness to testify as an expert is a matter which lies in the sound discretion of the trial court. (10 Cal. Jur. 963 and 1022.) In California a property owner is ordinarily, if not uniformly, permitted to give his opinion of the value of his own property. (10 Cal. Jur. 1023.) With these principles in mind, it is plain that the court did not err in admitting the testimony of the plaintiff.

It is well settled that the jury or a judge is not concluded by the testimony of experts. The province of such testimony is only to aid in coming to a conclusion, and it does not exclude consideration of other evidence which is pertinent to the issue involved. (10 Cal. Jur. 972.) There was in the evidence many facts showing the manner of the flotation of this cemetery scheme by its promoters, the defendants, and the fact that the whole scheme collapsed under

public criticism. ■ This evidence, as well as all the evidence in the case, was necessary to be considered by the court in arriving at its decision, and the evidence is such as to justify the finding that the lots did not exceed the value of $10 each at that time. The court was not bound by the expert testimony of defendants' witnesses if the other facts in the case reasonably convinced him that their opinions were colored and exaggerated.

The judgment is affirmed.

Sturtevant, J., and Nourse, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 5, 1929, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 2, 1930.

All the Justices present concurred.