[Civ. No. 7386. Second Appellate District, Division One.—August 15, 1930.]

In the Matter of the Estate of HARRIETT A. WILLARD Deceased. ARTHUR H. BLANCHARD et al., Respondents, v. MARIE E. ALLIS, Appellant.

Samuel J. Crawford for Appellant.

Arthur H. Blanchard and Kyle Z. Grainger, *in pro. per.,* for Respondents.

YORK, J.—One of the beneficiaries of a trust in the above estate, entitled to one-tenth of the net income thereof, appeals from an order fixing the compensation of trustees for the period covered by their sixth "account current,"

basing the appeal upon the ground that the services so rendered were not reasonably worth the amount allowed by the court, and apparently contending that the fees allowed by law for the probating of an estate should be a ruling guide in fixing compensation for the trustees. The compensation allowed is $2,500. Appellant's share of the burden thereof thus appears to be $250.

The value of the estate involved aggregates $340,000, with an annual income of approximately $27,000, which income is mostly derived from an oil lease covering the realty belonging to the estate. The services rendered by the trustees, during the period in question, included cares and responsibilities far greater than the mere collection of the royalties. There is nothing in the record before us that discloses any abuse of discretion by the trial court in fixing the compensation herein. On the contrary, the nature and amount of the services rendered seem to justify the allowance as made.

This same question arose in the *Estate of Duffill,* 188 Cal. 536, at page 547 [206 Pac. 42, 47], in which the court said: ". . . the value of the services of the respondent, under the circumstances of this case, should not be determined by comparing them with those of an executor or administrator. A trustee of a trust, such as we are considering, is subject to greater responsibilities than a personal representative of a deceased person of an estate of equal size." And at page 546: "Our code directs that the trustee shall be allowed 'such compensation for services as the court may adjudge to be just and reasonable' (Code Civ. Proc., sec. 1700), which in effect leaves the fixing of the amount thereof to the judicial discretion of the court, to be exercised, not arbitrarily, but always with due and proper consideration of the nature and extent of the services actually rendered."

The judgment or order appealed from is affirmed.

Conrey, P. J., and Houser, J., concurred.