17 Cal.App.2d 426 (1936)
In the Matter of the Trust Created by Deed of MARY BAUER to CHARLES A. HELLWIG. MARY BAUER, Appellant,
v.
AMERICAN TRUST COMPANY, Respondent.
Civ. No. 10321. 
California Court of Appeals. First Appellate District, Division Two. 
November 12, 1936.
 Charles A. Christin and Thomas J. Keegan for Appellant.
 Brobeck, Phleger & Harrison for Respondent.
 Sturtevant, J.
 From a decree adjudging that a trust had been terminated and settling the account of the trustee, Mary Bauer, as the beneficiary under the trust, has appealed.
 Heretofore Mary Bauer was the owner of a certain lot and improvements thereon located near the corner of Eighth and Mission Streets in San Francisco. On the 19th day of June, 1918, she conveyed said property to Charles A. Hellwig to hold the same in trust for her according to the terms designated in the deed. Later Charles A. Hellwig resigned as trustee and Mercantile Trust Company was appointed trustee in his place. Thereafter the Mercantile Trust Company was merged with the American Bank, another corporation, and the two became the American Trust Company.
 Mary Bauer was also the owner of certain properties located in Marin County. At San Anselmo in said county the American Trust Company maintains a branch bank. At some time prior to the commencement of this action Mary Bauer executed a deed of trust in favor of the San Anselmo branch of the American Trust Company to secure a promissory note evidencing an indebtedness. *428
 From the date on which it was appointed trustee down to December 6, 1933, the American Trust Company discharged its duties as trustee under the Hellwig trust. On the date last mentioned it filed a petition, report, and account in the above-entitled matter in the superior court in San Francisco. In that document the American Trust Company set forth the following facts: It pleaded the execution of the trust deed to Charles A. Hellwig and set it forth in haec verba. Among other things, that deed contained the following: "To Have and to Hold unto said party of the second part in trust, however, for the following uses and purposes, towit: To manage and control said real property and receive the rents, incomes and profits thereof for the period of fifteen (15) years from date hereof, if said party of the first part shall live during that period; otherwise during the said life of the party of the first part, and to pay the same to the said party of the first part;" the date, and book, and page of the recordation of said deed; the resignation of Charles A. Hellwig and the appointment of American Trust Company as a substitute; the qualification of the petitioner and the performance of its acts from the date of its appointment, March 12, 1925, to November 6, 1933; that petitioner received $30,301.52, disbursed $29,431.24 and had on hand a balance of $870.28; that every item of receipt and of disbursement was correctly set forth in the formal account attached to the petition; that the trustee had diligently managed the trust property, had acted fairly toward the beneficiary and had fully carried out the duties of trustee; that the deed was dated June 19, 1918, and the period of fifteen years mentioned therein expired June 19, 1933; that the trustor was still living and therefore the trust had expired and terminated; the name and address of the beneficiary; that the trustee had received 5 per cent of the gross income as its compensation but that its attorneys had received no compensation and that they were entitled to reasonable compensation for services rendered. Notice was given of the hearing to Mary Bauer and she appeared by counsel and filed "Objections to Final Account and Petition of American Trust Company". Her pleading set forth the following: She alleged that the Hellwig trust had not expired nor terminated and that it was still in full force and effect; *429 she pleaded specifically certain passages contained in said deed; that since the petitioner commenced to administer said trust she had not received all of the income from the property after deductions for maintenance and repairs as specified in said trust; that the trustee had applied some of the proceeds to pay interest and repay capital of certain loans contrary to the terms of said trust; she specified other disbursements which she claimed had been illegally paid; she alleged that the trustee had borrowed $3,000 from the Humboldt Bank to make certain alleged repairs and that she was compelled to sign the application therefor; she objected to the payment of $1228 as interest on said loan from the Humboldt Bank; and finally she alleged that $14,937.30 was not paid to her personally but was paid to the branch bank of the American Trust Company at San Anselmo. In due time a hearing was had in the above-entitled matter on the issues so made by the parties. The trustee and the beneficiary each produced both oral and documentary evidence. Thereafter the trial court caused a decree to be entered in favor of the trustee and against the beneficiary. That decree contained specific findings on every issue that was presented to the trial court.
 [1] Asserting that in the instant case the trial court was called upon to hear and settle the account of a trustee of a private trust, Mary Bauer contends the trial court was without jurisdiction. She cites and relies on Gillette v. Gillette, 122 Cal.App. 640 [10 PaCal.2d 760]; Oil Well Supply Co. v. Superior Court, 9 Cal.App.2d 624 [51 PaCal.2d 908]. Neither of those decisions is applicable to the facts in the instant case. As will be noted from what has been said above, the pleadings put in issue the question as to whether the trust had been terminated and also many items of disbursements made by the trustee and in particular the application by the trustee of $14,937.30 which it paid to its branch office at San Anselmo. The issues so presented authorized the petitioner to commence a proceeding under section 1060 of the Code of Civil Procedure. Moreover, at an early date it was decided that the courts may order the trustee of a private trust discharged but that the trustee may not discharge himself. In the absence of a formal release by the beneficiary, the trustee is entitled to a judgment of discharge. See sections 2279-2289, *430 Civil Code (1872), and notes of commissioners. In other words, the petitioner had the clear right to maintain this proceeding to obtain a decree that its trust was terminated and incidentally to tender an account, have it approved, and surrender to the beneficiary the remaining properties held in trust.
 [2] Pointing to the payments made to the San Anselmo branch, Mary Bauer contends the rule is unyielding that a trustee shall not, under any circumstances, be allowed to have any dealings in the trust property with himself or acquire any interest therein. The rule contended for is statutory. (Civ. Code, sec. 2230.) But that statute creating the rule creates exceptions thereto. The first exception is that when the beneficiary, having capacity to contract, with the full knowledge of the motives of the trustee and of all other facts concerning the transaction which might affect his own decision, and without the use of any influence on the part of the trustee, permits him to do so. (Miller v. Security-First Nat. Bank of Los Angeles, 219 Cal. 120, 131 [25 PaCal.2d 420].) During the trial both parties introduced evidence as to whether the trustee acted within the scope of said exception. The trial court held that it did. Appellant has not shown us wherein the finding made in that behalf was not supported by the evidence.
 [3] Finally, it is contended that the account rendered by the trustee reveals some improper charges. As we stated above, such subjects were presented by the pleadings, and specific findings were made thereon. In her brief Mary Bauer contends that the said expenditures were in violation of the rule stated in Perry on Trusts, page 720. She quotes: "A trustee has been refused compensation for services rendered by himself for himself as trustee on the ground that no man can make a contract with himself." But she has not quoted any portion of the record showing that in the instant case the trustee violated the rule which she quotes, and it is settled law that a court of review will not search a record for the purpose of gathering material on which to reverse a trial court. In presenting her point the appellant attacks three different disbursements. On January 6, 1927, the trustee entered a charge of $285 for commission for leasing the real estate. Of that sum $142.50 was paid to Buckbee, Thorne & Company. The rest was *431 paid to the trustee. It is not claimed that the charge was unreasonable. It is not claimed that a trust company accepting such a trust as was involved in the instant case undertakes to act as broker in obtaining lessees or vendees. In fixing the compensation of a trustee the rules applicable to fixing the compensation of an executor or administrator do not control. (Estate of Willard, 107 Cal.App. 672 [290 P. 897].) But the fixing of the compensation of a trustee is committed to the sound legal discretion of the trial court. No fact is called to our attention showing that the trial court in any respect abused that discretion. In April, 1932, the trustee entered a charge, "Paid cost of preparing and filing fiduciary income tax return for year 1931-- $5.00." A similar entry was made for the year 1932. There was evidence that the amounts were paid. There was no evidence that they were not paid. Neither was there any evidence that either sum was an improper charge in any respect.
 We find no error in the record. The judgment is affirmed.
 Nourse, P. J., and Spence, J., concurred.