[Civ. No. 3665.   Fourth Dist.   July 14, 1947.]

Estate of CLARENCE WATSON McCABE, Deceased.   VIR-
GINIA ROSE McCABE BURWELL, Appellant, v. VIO-
LET McCABE, Respondent.

Joseph E. Daly for Appellant.

Monroe & McInnis for Respondent.

BARNARD, P. J.—This is a proceeding brought under
section 1121 of the Probate Code to require the respondent,
as trustee of a testamentary trust, to render an account.

The petitioner was the adopted daughter of the respondent
and her husband.   The husband died on February 6, 1928.   By
his will, among other things, he left $50,000 in trust to the
respondent for the use and benefit of this petitioner.   By the
terms of the trust, the respondent was authorized to use so
much of the income of the trust estate as might be necessary,
and also such part of the principal as she might consider
necessary, for the support and education of the petitioner
until she attained the age of 18 years.   Thereafter, the in-
come was to be paid to the petitioner until she became 21
years old at which time "all of said trust estate and prop-
erty" was to be paid and delivered to her.

A decree of distribution was entered on April 25, 1929, dis-
tributing $50,000 in trust to this respondent pursuant to these
provisions of the will.   This petitioner arrived at the age of
21 years on July 23, 1942.   This proceeding, for the purpose
of requiring the trustee to render an account, was filed on

May 6, 1946. The petition, among other things, alleged that the respondent had never rendered any account or report of her acts as trustee, and that she refused to give any information as to the condition of the trust estate. A citation was issued requiring the respondent to appear and show cause why she should not be compelled to account. The respondent filed an answer admitting that $50,000 from this estate had been distributed to her in trust for the use and benefit of the petitioner. As one of the defenses, it was alleged that the trust thus created by the will and decree of distribution was terminated at the time the petitioner arrived at the age of 21 years; that this occurred in July, 1942, more than three years prior to the commencement of this proceeding; and that any and all proceedings herein are barred by the statute of limitations and particularly by the provisions of subdivisions 1 and 3 of section 338 of the Code of Civil Procedure.

A hearing was had at which time the respondent was granted additional time within which to make an accounting. The matter came on for further hearing and further accounting on November 25, 1946. On that day the petitioner filed a purported objection to the respondent's answer, in which it was alleged that the respondent had never told the petitioner anything of this inheritance, and that she learned of it for the first time in April, 1946. On suggestion of counsel, the court ordered that the question of whether the proceeding was barred by the statute of limitations should be first considered. In that connection, the will and the decree of distribution were put in evidence, and a showing was made that the petitioner had reached the age of 21 years on July 23, 1942. Thereafter, the court held that the proceeding was barred by the statute of limitations. Findings of fact and conclusions of law were filed in which, among other things, the court found that by the express terms of the will and the decree of distribution this trust terminated when the petitioner arrived at the age of 21 years; that this occurred on July 23, 1942; that this proceeding was commenced on May 6, 1946; that more than three years had thus elapsed; that petitioner's cause of action accrued when she reached the age of majority; and that no facts or circumstances existed to toll the statute of limitations. As conclusions of law, it was found that this proceeding is subject to subdivision 3 of section 338 of the Code of Civil Procedure, and that by the lapse of more than three years it became barred. A judg-

ment was entered dismissing the proceedings, from which judgment the petitioner has appealed.

■ The sole question presented on this appeal is whether this proceeding was barred by the statute of limitations. The respondent argues that the trust terminated on the day the petitioner became 21 years of age and that the statute then began to run. It is assumed, without argument in support thereof, that subdivision 3 of section 338, Code of Civil Procedure, was applicable here, as the court found.

We would be reluctant to hold that any statute of limitations contained in the Code of Civil Procedure was applicable under these circumstances. Among other things, it might well be questioned whether the mere arrival of the date at which the trustee was obligated to turn over the trust estate to the beneficiary, was sufficient to constitute such a termination of the trust as would start the running of any statute in the absence of any attempt on the part of the trustee to comply with the order of the court as contained in the decree of distribution. (See *Hise* v. *Superior Court*, 21 Cal.2d 614 [134 P.2d 748].) This is especially true since section 1121 of the Probate Code gives to a beneficiary of such a trust the right to demand an accounting, without limiting the time within which such a demand must be made, and further affirmatively provides that such a demand shall not be denied if no account has been rendered to the court within six months. The effect of the only limitation thus provided is the exact reverse of that of the usual limitation provided for in the Code of Civil Procedure. It would seem that this special provision, for a particular purpose, must have been intended to exclude the operation of other and conflicting provisions of the other code. It hardly seems reasonable that it was intended that the general statute of limitations should be applicable in such a case, with the effect of divesting the court of the jurisdiction and duty thus given by this special statute, applying to and governing a particular relationship and situation. There are sound reasons for making this distinction, and it is in accord with the usual rules of equity, especially those relating to trusts, under which a trustee is not permitted to take advantage of his own wrong and is held to the highest standards of fair dealing in carrying out the confidential relationship he has assumed.

However, it is not necessary to hold that no statute of limitations was applicable here. Assuming, without holding, that some such statute was applicable under these circumstances

the court's findings and conclusions, upon which this judgment of dismissal was based, that this proceeding is subject to subdivision 3 of section 338 of the Code of Civil Procedure, and that petitioner's right to demand an accounting was barred by the lapse of three years after she became of age, must be held erroneous.

This proceeding was initiated more than three years but less than four years after the petitioner became 21 years of age. The respondent urges, and the court found, that subdivision 3 of section 338 of the Code of Civil Procedure applies. Originally, she alleged in her answer that subdivision 1 of that section also applied but this contention seems to have been abandoned. It seems clear that this proceeding is based upon an obligation assumed by the respondent in accepting and agreeing to perform, under a decree of distribution, the duties of a trust, and not upon liability created by a statute within the meaning of subdivision 1 of section 338. It seems equally clear that this is not an action for the recovery of specific property or for wrongfully taking, detaining or injuring the same, within the meaning of subdivision 3 of section 338. This proceeding is one to enforce a right based upon a testamentary trust, involving the right to have the court's distribution order complied with, and to secure the resulting benefits, the exact extent of which cannot be definitely known in advance. It is clearly a proceeding for an accounting under a specific right to such relief given by section 1121 of the Probate Code as a part of, and in furtherance of, the probate powers of the court.

The accounting contemplated by sections 1120 and 1121 of the Probate Code is similar to an accounting in equity and similar rules are applicable since, for reasons of convenience and necessity, the probate court is thus given certain powers which would ordinarily be exercised in an equitable action. (*McAdoo* v. *Sayre*, 145 Cal. 344 [78 P. 874].) In effect, a probate court is thus given the right to exercise certain powers, ordinarily exercised in a court of equity, in order that it may complete a matter which was started under its probate jurisdiction.

The general rule is well established that actions in equity, including proceedings for an accounting, where a specific and definite provision has not otherwise been made in the code, are governed by the provisions of section 343, Code of Civil Procedure, a four-year statute, as being actions "for relief not hereinbefore provided for." (*Lux* v. *Haggin*, 69 Cal. 255

[4 P. 919, 10 P. 674]; *McArthur* v. *Blaisdell,* 159 Cal. 604 [115 P. 52]; *Nougues* v. *Newlands,* 118 Cal. 102 [50 P. 386]; *Freeman* v. *Donohoe,* 65 Cal.App. 65 [223 P. 431]; *Wenban Estate, Inc.* v. *Hewlett,* 193 Cal. 675 [227 P. 723].)

If it be assumed that some statute of limitations applied under the facts here appearing the applicable statute would be section 343, and not section 338. The appellant became of age on July 23, 1942, and if it be considered that this trust then terminated and that the statute then began to run she would have four years in which to act. This proceeding was started on May 6, 1946, well within that time. It follows that the proceeding was not barred, and that the court erred in so finding and holding.

The judgment of dismissal appealed from is reversed.

Marks, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied September 8, 1947.