[Civ. No. 18103.   Second Dist., Div. Three.   Jan. 17, 1951.]

Estate of ELDON WILLARDSON, Deceased. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION et al., Appellants, v. GLADYS E. WILLARDSON et al., Respondents.

Robert E. Ford, Spray, Gould & Bowers, Charles P. Gould and Roane Thorpe for Appellants.

Cannon & Callister, David H. Cannon and Reed E. Callister for Respondents.

SHINN, P. J.—Appeal from an order of the superior court settling second account current, report of trustees and allowing trustees' fees, made and filed on December 28, 1949.

The trustees, Frank E. Hess and Mae M. Oury, appellants, filed an amended petition for trustees' fees for the period from March 1, 1947, to April 30, 1948, in which Hess sought total fees in the sum of $65,311.86 and Oury total fees in the sum of $31,714.26. The court allowed Hess $20,000 as fees for that period and Oury the sum of $8,400. The appellants also sought fees for the period from April 30, 1948, to November 30, 1948, Hess in the sum of $39,413.36 and Oury in the sum of $19,248.35. For this period the court allowed Hess $11,666.67 and Oury $4,900.

The decedent, Eldon Willardson, died March 4, 1945, leaving various properties, and cash in excess of $200,000 in joint tenancy with his widow. By the terms of his will, to which the widow had consented at the time of execution, the decedent left the community property, other than that held in joint tenancy, in trust for the benefit of the widow and children who are the objectors and respondents here. The principal asset of the trust was a plumbing and heating contracting

business which had been operated by the decedent prior to his death. As trustees to administer the trust and carry on the business he appointed the Bank of America, Frank E. Hess and Mae M. Oury. Both Mr. Hess and Mrs. Oury had been employed by the decedent for many years prior to his death. Appellants, as executors, operated the business of the estate until their final account was settled and the trust estate was distributed to them as trustees on April 30, 1947.

In January, 1948, the business was incorporated with the approval of the court, with a stated capital of $100,000. It appears that during the period from March 1, 1947, to April 30, 1948, the business earned net profits before income taxes in the sum of $279,423.89, and from April 30, 1948, to November 30, 1948, net profit in the sum of $225,452.22. For their services in operating the business, Hess sought confirmation of compensation he had drawn from the business, predicated upon a basic salary of $25,000 per year plus 20 per cent of the net income of the business, before income taxes, in excess of $100,000 per year, and Oury sought to have the court confirm her salary at $11,700 per year plus 10 per cent of the profits in excess of $100,000 per year. Under the terms of the will, the trustees were to receive fair and just compensation for their services. By the order under review, appellants were allowed nothing for the period from March 1, 1947, until April 30, 1947, and it was decreed that they return all moneys withdrawn by them in excess of the amounts allowed as previously set forth, together with legal interest on the excess from the dates of withdrawal to the date of repayment to the estate.

Appellants contend that the court committed error in failing to make written findings of fact on the issues raised; that the order fixing fees is contrary to the uncontroverted and unimpeached evidence presented; that it was error to allow no fees for the March 1, 1947, to April 30, 1947, period; that it was error for the court to order the excess amount returned together with legal interest thereon.

The court in its order of December 28, 1949, decreed that the sums which were allowed were "fair, equitable, just and reasonable for the services so rendered by the said trustees to the said estate and [that] the apportionment thereof so made to the said trustees is reasonable according to the services rendered by them respectively." In *Estate of Janes*, 18 Cal.2d 512 [116 P.2d 438], it was held that findings of fact may be included in a judgment or order. (See also

*Estate of Kennedy,* 64 Cal.App.2d 757 [149 P.2d 319].)

■ The only controverted issue of fact in the instant proceeding was whether the withdrawal made by the trustees as compensation constituted a "fair and just" consideration for their services. In response to this issue the court found that the amounts so withdrawn were excessive and also fixed amounts which it declared to be fair and reasonable. This was a sufficient finding.

■ Appellants' second contention is that the court should have allowed the full amounts claimed for the reason that the evidence showed, without contradiction, that the same would be just and reasonable compensation for the services rendered. This contention also is without merit. Section 1122, Probate Code, provides in part as follows: "Expenses, etc., of trustee. On the settlement of each such account [of a trustee] the court shall allow the trustee his proper expenses and such compensation for services as the *court may deem just and reasonable.* Where there are several trustees it shall apportion the compensation among them according to the respective services rendered . . ." (Emphasis added.) The fixing of such compensation is left to the sound discretion of the trial court and its determination will not be interfered with upon appeal in the absence of an abuse thereof. (*Estate of McLellan,* 8 Cal.2d 49 [63 P.2d 1120]; *In re Bauer,* 17 Cal.App.2d 426 [62 P.2d 150]; *Fernald* v. *Lawsten,* 26 Cal. App.2d 552 [79 P.2d 742].) It is true that appellants and their experts expressed opinions as to the value of the services rendered which would have justified far greater awards. Two of appellants' witnesses, in answering hypothetical questions, valued the services of Hess at 50 per cent of the net profits, presumably upon the theory that the compensation would be contingent upon the earnings of the company. But there was comprehensive evidence as to the services that had been rendered and the results obtained, all of which the court no doubt took into consideration. It would appear to us that the services of the trustees in managing the business were not of so technical a nature as to require expert testimony for their evaluation. (*Clark* v. *Conley School District,* 86 Cal.App. 523 [261 P. 721]; *Nylund* v. *Madsen,* 94 Cal.App. 441 [271 P. 374]; *Kimes* v. *Davidson Inv. Co.,* 101 Cal.App. 382 [281 P. 639]; *Estate of Pomin,* 33 Cal.App.2d 544 [92 P.2d 479]; *Geisenhoff* v. *Mabrey,* 58 Cal.App.2d 481 [137 P.2d 36]; *Trumbo* v. *Bank of Berkeley,* 77 Cal.App.2d 704 [176 P.2d 376].) Moreover, the witnesses could well have been believed

to be biased in favor of appellants and hence their testimony unreliable. The court was not required to accept it as satisfactory evidence. (*Jordan* v. *O'Connor*, 99 Cal.App.2d 632, 641 [222 P.2d 322]; *Nylund* v. *Madsen*, 94 Cal.App. 441 [271 P. 374]; *Estate of Reinhertz*, 82 Cal.App.2d 156, 160 185 P.2d 858, 186 P.2d 755]; *Burns* v. *Osborne-Fitzpatrick Finance Co.*, 101 Cal.App. 680 [282 P. 419]; *Layne & Bowler Corp.* v. *Grogan*, 56 Cal.App. 31 [204 P. 252].) The amounts allowed appellants for their services were substantial, and we are not prepared to say that the refusal of greater compensation was an abuse of discretion.

Appellants contend that their final account as trustees was for the period ending February 28, 1947, and that their trustees' account was started as of March 1, 1947. Since the estate was distributed to appellants as trustees on April 30, 1947, the trial court correctly held that they were not entitled to compensation as trustees prior to that time.

Appellants' final contention is that they should not be compelled to pay interest on any money which they may be ordered to repay because the withdrawals were made with the knowledge and consent of all those concerned. The testimony of Mr. Ford, attorney for appellants, shows that the beneficiaries objected to the fees of the trustees as being too high; that the withdrawals were allowed merely for taxation purposes, were to be without prejudice to any objections on the part of the beneficiaries, and that it was agreed there was no waiver on the part of any of the objectors. It was also agreed that any fees paid to, or withdrawn by the trustees, were subject to court approval. It is apparent that the moneys were withdrawn over the objection of those beneficially interested and that the trial court properly directed that interest run on the excess from the times of withdrawal until the time of repayment to the estate. In *Estate of Piercy*, 168 Cal. 755, 758 [145 P.91], it was suggested by the appellant as in the instant case that no interest, either simple or compound, was proper because the principal amount was unliquidated and, until the making of the order, unascertained. The court said that the rule contended for applied to an action for damages, and that other considerations must govern a court in fixing the liability of a delinquent trustee. It was held that in such cases the primary consideration is the equitable one that the trustee must be compelled to fully compensate the beneficiary for the unauthorized use of the

782

trust estate. Compensation would not be complete if interest were withheld. (*Estate of Guglielmi,* 138 Cal.App. 80, 90 [31 P.2d 1078]; *Katz* v. *Enos,* 68 Cal.App.2d 266, 279 [156 P.2d 461]; *Estate of McLellan,* 8 Cal.2d 49, 55 [63 P.2d 1120]; *Wheeler* v. *Bolton,* 92 Cal. 159, 172 [28 P. 558]; *Estate of Cousins,* 111 Cal. 441, 452 [44 P. 182].)

The order is affirmed.

Wood (Parker) J., and Vallée, J., concurred.

The opinion was modified and a petition for a rehearing was denied February 15, 1951, and appellants' petition for a hearing by the Supreme Court was denied March 15, 1951. Schauer, J., voted for a hearing.