[Civ. No. 51927. Second Dist., Div. Three. Apr. 4, 1978.]

Estate of EDNA MILES GILFILLAN, Deceased.
SECURITY PACIFIC NATIONAL BANK, as Trustee, etc.,
Petitioner and Respondent, v.
SUE ANN BROWN, Objector and Appellant.

**COUNSEL**

Goldstein & Phillips, David C. Phillips and Robert J. Flax for Objector and Appellant.

Nossaman, Krueger & Marsh and Paul T. Guinn for Petitioner and Respondent.

**OPINION**

**FAINER, J.**\*—This is an appeal by a life beneficiary, Sue Ann Brown (Brown), from an order of the probate court of the Los Angeles Superior Court settling the account of a testamentary trustee and permitting the trustee to pay itself fees in advance of approval by the court. The appeal lies.[1]

FACTS

Brown is one of several income beneficiaries of a trust established by the will of Edna Miles Gilfillan, deceased. Other beneficiaries include Brown's minor children and the children of Joan Phillips. The trustee of the trust is Security Pacific National Bank (Security Pacific), the respondent herein. The will establishing the trust is silent as to the amount of compensation to be paid the trustee or the manner in which such payments should be made.

Security Pacific filed an "Amended Second Account Current and Report of Trustee, Petition for Allowance of Fees to Trustee and Attorneys" on September 24, 1976, in the Superior Court of Los Angeles

---

\*Assigned by the Chairperson of the Judicial Council.

[1] An order "fixing, directing or allowing payment of a trustee's compensation" is an appealable order under Probate Code section 1240.

County. Brown took exception to the amount of fees claimed by Security Pacific for itself and its counsel in the amended account current; she also objected to the fact that Security Pacific had taken its fees in advance of a court order permitting the same. On January 6 and March 2, 1977, the probate court, in its orders settling the amended second account current and report of trustee, sustained the exceptions regarding the amount of fees, but ruled that the trustee had properly paid itself fees in advance as to that accounting and could continue to do so in the future without prior court approval pursuant to section 15.02(2) of the Probate Policy Memorandum of the Los Angeles Superior Court (hereinafter L.A. Policy 15.02(2)).[2] This appeal followed.

## DISCUSSION

■ Among the inherent powers of a court of record is the power to adopt local rules for the governance of the litigation before it. (Gov. Code, § 68070; *Albermont Petroleum, Ltd.* v. *Cunningham* (1960) 186 Cal.App.2d 84, 89 [9 Cal.Rptr. 405]; see *Hays* v. *Superior Court* (1940) 16 Cal.2d 260, 264 [105 P.2d 975].) This power has been held to permit the adoption of local policies as well. (*Wisniewski* v. *Clary* (1975) 46 Cal.App.3d 499, 504-505 [120 Cal.Rptr. 176].)

A local rule or policy may not, however, conflict with a controlling statute. (Gov. Code, § 68070; *Wisniewski* v. *Clary, supra; Turlock Golf etc. Club* v. *Superior Court* (1966) 240 Cal.App.2d 693, 700 [50 Cal.Rptr. 70]; *Conae* v. *Conae* (1952) 109 Cal.App.2d 696, 697 [241 P.2d 266].) ■ Probate Code section 1122 is controlling in this case and provides in pertinent part for the payment of compensation to a testamentary trustee when the trust contains no provision for such payments as follows: ". . . the trustee shall be entitled to such compensation as may be reasonable under the circumstances . . . . On settlement of each account the court shall *allow* the testamentary trustee his proper expenses and compensation for services as provided herein." (Italics added.)

---

[2] L.A. Policy 15.02(2) reads as follows: "Trustee's fees should be paid only after the services have been performed to which they relate. If the payment is in conformity with the compensation provided in the trust instrument, if any, or otherwise is reasonable in amount, and if the payment is made after the services are performed, the trustee will not be surcharged simply because the payments have been made in advance of a court order. In such case, however, the trustee takes the risk that, in the event of an ultimate determination that the payments are excessive, interest will be charged on the excessive payment."

The only issue before us, therefore, is whether L.A. Policy 15.02(2) is inconsistent with Probate Code section 1122. The answer to this question requires an interpretation of the word "allow" as used in the code section.

Statutes must be construed so as to effectuate the intent of the Legislature. (*Tripp* v. *Swoap* (1976) 17 Cal.3d 671, 679 [131 Cal.Rptr. 789, 552 P.2d 749]; *Friends of Mammoth* v. *Board of Supervisors* (1972) 8 Cal.3d 247, 256 [104 Cal.Rptr. 761, 502 P.2d 1049].) That intent must initially be sought in the language of the statute. (*Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224]; *Smith* v. *City and County of San Francisco* (1977) 68 Cal.App.3d 227, 231 [137 Cal.Rptr. 146].) Here, however, the word "allow" as used in Probate Code section 1122 is fairly susceptible to either of two constructions: (1) as requiring formal court approval before a testamentary trustee may take its compensation; or (2) as permitting such trustees to take their fees in advance of a formal order, subject to later ratification by the court.

We have found no legislative history or case law which expressly addresses itself to the meaning of "allow" as used in Probate Code section 1122 or which discusses whether a testamentary trustee can be paid his compensation before the court has so ordered. One productive tool in the interpretation of an ambiguous statute, however, is construction by the courts of similar or parallel legislation. (*Bagg* v. *Wickizer* (1935) 9 Cal.App.2d 753, 757 [50 P.2d 1074]; see *Jordt* v. *State Board of Education* (1939) 35 Cal.App.2d 591, 594 [96 P.2d 809].)

Probate Code section 1556 deals with the manner in which compensation may be paid to a guardian. As originally enacted, that section provided in part: "Every guardian shall be allowed the amount of his reasonable expenses incurred in the execution of his trust, and shall have such compensation for his services as the court in which his accounts are settled deems just and reasonable. . . ." (Former Prob. Code, § 1556, Stats. 1931, ch. 281, p. 679.)

In 1951, Probate Code section 1556 was amended (Stats. 1951, ch. 128, § 1, p. 384) to explicitly require a court order after a noticed hearing on a petition for compensation before charging a guardianship estate with the guardian's compensation. (See discussion, *infra.*) Probate Code section 1122, though, is essentially the same as Probate Code section 1556 before the amendment.

Before it was amended, section 1556 was construed to permit a guardian's fee to be paid in advance, subject to later court approval and ratification. In *Estate of Eaton* (1940) 38 Cal.App.2d 180 [100 P.2d 813], the court stated at page 184 that there is no suggestion "that the guardian's fee can be paid only upon petition therefor by the guardian. Section 1556 of the Probate Code suggests the contrary, . . . In other words, the guardianship fee can be set up and claimed as an item of account and paid as such without the formality of a petition and special order or decree."

When the Legislature amended Probate Code section 1556 in 1951 and added Probate Code section 1122 in 1967 (Stats. 1967, ch. 661, § 3, p. 2031, as amended by Stats. 1972, ch. 937, § 2, p. 1694), we must assume that it was aware of this decision interpreting the former language of section 1556, and therefore intended that the similar language of section 1122 be interpreted to permit a testamentary trustee to take its compensation in advance of court approval, subject to the court's subsequent ratification. (See cases cited in 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 683, pp. 4598-4600.)

Our conclusion as to the meaning of Probate Code section 1122 is supported by a comparison of that section with the present language of parallel legislation.

Probate Code section 904 provides that "Any executor or administrator, at any time after four months from the issuance of letters testamentary or of administration, and *upon such notice* to the persons interested in the estate as the court or a judge thereof shall require, *may apply to the court for an allowance* upon his commissions; and *on the hearing the court shall make an order allowing him such portion of his commissions, for services rendered up to that time,* as the court shall deem proper, *and the portion so allowed may be thereupon charged against the estate.*" (Italics added.) The last time this code section was amended by the Legislature was in 1968 (Stats. 1968, ch. 1407, § 2, p. 2768). The accepted procedure for avoiding personal liability in the taking of representatives' fees and commissions has been stated as follows: "It is usually acceptable to list the statutory fee in the final account as 'subject to court approval,' and then pay the fee after the approval is obtained." (1 Cal. Decedent Estate Administration (Cont.Ed.Bar 1971) § 18.36, p. 739.)

Probate Code section 1556, mentioned previously, now provides in relevant part for the payment of fees to guardians as follows: "At any time after the filing of the inventory and appraisement, but not prior to the expiration of three months from the issuance of letters of guardianship, *any guardian may petition the court for an order fixing and allowing his compensation* for services rendered to that time . . . . Notice of the hearing of such petition shall be given as required by Section 1200 of this code, and such additional notice, if any, as the court or judge thereof by order may require. *Upon the hearing the court shall make an order allowing such compensation to the guardian for services rendered . . .* , and compensation so allowed shall thereupon be charged to the estate of the ward." (Italics added.) This code section was last amended by the Legislature in 1951 (Stats. 1951, ch. 128, § 1, p. 384).

Probate Code section 1122 provides for the payment of compensation to a testamentary trustee, when the trust contains no provision for such payments, by merely stating that the trustee will be allowed reasonable compensation for services by the court on the settlement of each account.

Thus, while the Probate Code clearly provides that payment for the compensation of executors and administrators of estates and for guardians of wards is to be fixed by the court after a noticed petition, and that the compensation allowed thereupon is a charge against the estate,[3] there is no such limitation in connection with Probate Code section 1122 for the time of payment to a testamentary trustee.

Both parties cite some of the same cases in their respective briefs, but draw different conclusions from them as authority for their respective positions. Unfortunately, the two that deal expressly with a trust situation are not helpful because they do not address themselves to the specific issue on this appeal. *Fernald* v. *Lawsten* (1938) 26 Cal.App.2d 552 [79 P.2d 742], involved an *inter vivos* and not a testamentary trust, and while the court in that case did reject the trustee's claim for greater

---

[3]The statutory compensation procedure for conservators (Prob. Code, § 1908, subd. (1)) does not have the same time limitations for payments or the notice requirements as is the case with compensation for representatives of decedent's estates or for wards and their estates. As the issue of when a conservator's fee can be paid is not before the court on this appeal, we do not make a determination at this time as to whether a conservator's compensation may be deducted from the estate prior to the obtaining of a court order. It has been suggested that the same procedure be followed in awarding the compensation of a conservator as is followed in the case of compensation to a guardian. (Cal. Conservatorships (Cont.Ed.Bar 1968) § 6.8, p. 233.) While such a procedure seems proper, there is nothing in the Probate Code which requires it.

compensation, it did not criticize the trustee's action of prepayment of compensation prior to court ratification. In *Estate of Willardson* (1951) 101 Cal.App.2d 777 [226 P.2d 369], the court did charge interest on the excess amount of prepayment of compensation; it cannot be said, however, that the court in *Willardson* approved or disapproved the prepayment of the compensation in advance of a hearing on the account. ██ In fact, it appears that L.A. Policy 15.02(2) (fn. 2, *ante*) incorporates the warnings, limitations, and teachings of *Estate of Willardson, supra,* as to the risks of a testamentary trustee taking an advance compensation.[4]

*People* v. *Williams* (1956) 145 Cal.App.2d 163 [302 P.2d 393], is an unusual criminal case in which six individual trustees were convicted of grand theft accomplished through embezzlement of funds from an *inter vivos* trust, a union plan administering insurance benefits. The defendant trustees in that case offered the defense that they had simply prepaid their trustees' compensation. The appellate court, in rejecting the defense, concluded that the trustees could not be paid their compensation in advance since they were required to seek prior court approval, presumably under the provisions of Civil Code section 2274. (145 Cal.App.2d at p. 166.) This is a hard case involving difficult facts relating to an *inter vivos* trust and labor union affairs. To the extent that it is contrary to this decision, we decline to follow it.

 Our conclusion that Probate Code section 1122 permits a testamentary trustee to pay itself compensation in advance of formal court approval does not, of course, justify the taking of any advance fees beyond what is reasonable. In this regard, the Legislature has enacted statutory procedures to protect beneficiaries of testamentary trusts from unscrupulous or negligent trustees, including providing for a trustee bond pursuant to Probate Code section 1127, and, by recent amendment to Probate Code section 1120, requiring an accounting where the trustee dies, becomes incompetent, or absconds, in conformity with statutes governing accounts of executors or administrators, guardians, and conservators. (See *Review of Selected 1975 California Legislation* (1976) 7

---

[4]As a general rule, a trustee is ordinarily entitled to be compensated for services to the trust at the time they are rendered. (90 C.J.S., Trusts, § 400, p. 734.) In those jurisdictions which require judicial approval prior to payment of a trustee's compensation, a trustee who takes his compensation in advance does so at his own risk. However, even in states which prohibit a trustee from taking fees prior to court order, a trustee who does so will not be liable for interest on the fees withdrawn if it appears that he had actually earned them when taken, that he acted in good faith, and that no injury to the trust resulted. (90 C.J.S., Trusts, § 396, pp. 722-723.)

Pacific L.J. 237, 255-256.) Probate Code section 1120, subdivision (a), which gives the probate court continuing jurisdiction over testamentary trusts, provides that the trustee "may, from time to time pending the execution of his trust, or at the termination thereof," render his account for settlement and report his actions as trustee. ■ If the trustee takes his compensation in advance, in most cases he should be compelled to render an account within a reasonable time thereafter so that the court may promptly review the reasonableness of the "advanced" compensation and surcharge the trustee for any portion of the advanced compensation that is not approved. (See *Estate of Willardson, supra,* 101 Cal.App.2d 777, 781-782.)

The beneficiary, of course, has the right to petition the court to compel the trustee to account, and the beneficiary's application cannot be denied where no account has been rendered within the last six months. (Prob. Code, § 1121; see *Estate of McCabe* (1947) 80 Cal.App.2d 823 [183 P.2d 72].) Where there is continued difficulty about the time when the trustee is to be paid his compensation, the court may, in its discretion, fix a yearly compensation to be paid at a specific time and to be a charge against the probate estate at that time.

Finally, it must be pointed out that the testamentary trustor has reposed his trust in the trustee and the court has approved the trustee. Under these circumstances, if the trustee is disposed to be either dishonest or even negligent, no amount of court supervision will protect the trust or the beneficiaries until there has been an accounting, which any beneficiary can seek pursuant to the provisions of Probate Code section 1121.

### CONCLUSION

■ Since Probate Code section 1122 does not prohibit a testamentary trustee from taking its compensation in advance of court approval, we conclude that L.A. Policy 15.02(2) is not contrary to, or inconsistent with, any applicable statutory provision. L.A. Policy 15.02(2) does, in fact, serve the useful purpose of placing testamentary trustees on notice that the taking of advance compensation payments may subject them to the risks of a surcharge for any excessive payments, plus an additional surcharge for interest.[5]

---

[5]Pursuant to Evidence Code sections 452, subdivision (e), 455 and 459, we take judicial notice that at least 10 superior courts have local rules specifying when a testamentary

The order permitting payment of testamentary trustee compensation in advance is affirmed.

Cobey, Acting P. J., and Stephens, J.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 1, 1978.

---

trustee may pay its compensation for services rendered. Most of the superior court probate policy guidelines deny payment of compensation prior to court approval for executors and administrators, guardians, conservators, and testamentary trustees. The local probate rules of the Superior Courts of Orange County and Los Angeles County permit testamentary trustees to be paid prior to court approval. The Los Angeles Superior Court Probate Policy Memorandum provides for separate procedures as to when fees can be paid testamentary trustees under its rule 15.02(2) and for when fees can be paid to other representatives under rule 15.02(1), which states: "There is no authority for the payment of any commissions or fees in decedent's estates, guardianships or conservatorships in advance of a court order authorizing the same. . . ." The local policy rules of those superior courts which prohibit prepayment of compensation for services of a testamentary trustee are not before us for review and we therefore express no opinion as to the effect of this decision on their validity.

*Assigned by the Chairperson of the Judicial Council.