[Civ. No. 14454.  First Dist., Div. Two.  Aug. 1, 1950.]

LULU STILES, Respondent, v. EMMA K. NUNES, as Administratrix, etc., Appellant.

J. Emmet Chapman for Appellant.

Dudley H. Nebeker for Respondent.

NOURSE, P. J.—Plaintiff sued in two common counts based on rejected claims against the estate—one for money advanced for the benefit of deceased, the other for the reasonable value of nursing care, board and lodging. Defendant had judgment on the first cause of action and plaintiff had judgment on the second.

Competent evidence was taken showing that plaintiff for a period of 14 months furnished the deceased his room and board and nursed him continually during this period of his last illness. No evidence was offered by defendant. Two competent witnesses detailed the character of services needed by deceased and performed for him by the plaintiff. The latter was permitted to support her claim by the offer of the "little red

book'' in which she noted the services rendered and entered the sums of money loaned deceased. She also testified over objection as to the type and the reasonable value of the services rendered.

As plaintiff was denied recovery for the loans the question of the propriety of the admission of the ''red book'' in evidence is no longer material since it proved nothing material to the second cause of action though it did contain entries relating to the period over which these services were rendered during the illness of the deceased and a statement of decedent's promise to pay. The appellant now says it was error to receive it in evidence. But assuming that it was error it will avail appellant nothing. ■ The settled rule of decision is that when there is competent and substantial evidence in the record sustaining the judgment in a cause tried before the court without a jury the admission of some incompetent evidence will not require a reversal. (*Evans* v. *Gibson,* 220 Cal. 476 [31 P.2d 389]; *Roy* v. *Salisbury,* 21 Cal.2d 176, 187 [130 P.2d 706]; 2 Cal.Jur. p. 1020.) Here the competent evidence from other witnesses fully proved the services. There was left only the question of reasonable value.

■ The finding that the reasonable value of the services rendered was the sum awarded is sufficient to support the judgment on the second cause of action notwithstanding the plea of a special contract to pay that sum. When the value of nontechnical services is the issue the judge or jury may fix the value from general knowledge and without the use of expert testimony. (*Nylund* v. *Madsen,* 94 Cal.App. 441, 445 [271 P. 374]; *Lundberg* v. *Katz,* 44 Cal.App.2d 38, 46 [111 P.2d 917]; *Estate of Reinhertz,* 82 Cal.App.2d 156, 160 [185 P.2d 858, 186 P.2d 755].) Board, lodging and nursing care are all matters of common experience and the value of such services is a matter of general knowledge. Hence the finding of the reasonable value of the services is founded on competent evidence and the testimony of the respondent as to the express promises made was not necessary to the support of the judgment.

For these reasons we do not decide whether the ''little red book'' was proper evidence. We hold that the competent and undisputed evidence was sufficient to support the finding and the judgment.

Judgment affirmed.

Goodell, J., and Dooling, J., concurred.