[Civ. No. 14762. First Dist., Div. Two. June 25, 1951.]

PETE PENSA, Respondent, v. GLENN FORREST NOFFSINGER, Appellant.

Kenneth A. Johnson for Appellant.

Millington, Dell'Ergo, Weeks & Morrissey for Respondent.

DOOLING, J.—Plaintiff sued on a common count for work and labor performed at the specific request of the defendant, alleging the reasonable and agreed value thereof to be $2,892. Defendant cross-complained for $375 rent owing from plaintiff to defendant. The court gave judgment to plaintiff for $1,000 and defendant appeals.

The evidence most favorable to plaintiff is that he and defendant's brother undertook to rent and remodel a building, that after plaintiff had done some work of remodeling it was agreed by defendant that he would rent the building and sublet one room to plaintiff and defendant's brother for $75 per month, which was done. As to the work and labor performed by plaintiff in remodeling the building plaintiff testified:

"I had been working for a week before Glenn (the defendant) showed up . . . He would pay me for my labor from the time I started up . . . He told me to go ahead . . . and put the place together. He would pay me for every hour that I had worked on the place . . . He said he would pay me the current rate . . . He says, 'Whatever carpenters get, I will pay you for that, and whatever the sheet metal man', and so we just averaged it up."

From this it appears that the court was entitled to find that defendant as a condition of taking over the building agreed to pay plaintiff for work already done by him and for future work. Plaintiff produced a time book from which he testified that he had worked a total of 964 hours for which he "took an average figure of $3 an hour." Defendant asserts that there was no testimony that this was the reasonable value of the work. He overlooks the following which went in without objection:

"Q. And you feel that this rate of $3 an hour . . . is a reasonable charge? A. I think it is very reasonable."

Plaintiff admitted his agreement to pay $75 per month rent amounting for five months to $375. He explained that he had not paid this rent "(f)or the simple reason that the man owed me for my labor and my time. . . ."

The court found that "defendant . . . became indebted to

plaintiff for work and labor performed by plaintiff . . . (and) the agreed and reasonable value of said work and labor was . . . the sum of One Thousand ($1000.00) Dollars.'' On the cross-complaint the court found that ''cross-defendants paid all rentals due. . . .''

The findings must be read together and reconciled if possible to support the judgment. (*Menghetti* v. *Dillon*, 10 Cal.2d 470, 472 [75 P.2d 596]; 2 Cal.Jur. 872-873.) We are satisfied from the whole record that the court's finding that the rent was paid was based upon a deduction of $375 from the total value of the work and labor performed, and that the indebtedness of $1,000 found by the court represents the balance found to be due after this offset. This would figure about $1.42½ per hour. The trial judge may draw on his own knowledge in fixing the value of services of a non-technical character (*Estate of Willardson*, 101 Cal.App.2d 777, 779-780 [226 P.2d 369]; *Stiles* v. *Nunes*, 98 Cal.App.2d 739 [220 P.2d 792]; *Estate of Reinhertz*, 82 Cal.App.2d 156, 160 [185 P.2d 858, 186 P.2d 755]; *Collier* v. *Landram*, 67 Cal. App.2d 752, 759 [155 P.2d 652]) and we cannot find any abuse of discretion in the value fixed in this case.

Judgment affirmed.

Nourse, P. J., and Goodell, J., concurred.