[Civ. No. 8192.   Third Dist.   Sept. 1, 1953.]

ALTA BEAN, Respondent, v. ELOISE WILSON, as Administratrix, etc., Appellant.

James Wm. Morgan, John W. Finley and Lopez & Hyde for Appellant.

Clewe, McClarrinon, Martin & Blade for Respondent.

PEEK, J.—This is an appeal by defendant administratrix from an adverse judgment in an action brought by plaintiff to recover for personal services alleged to have been performed by plaintiff at the request of decedent, and for the recovery of money advanced to him by plaintiff.

The record shows that plaintiff and the wife of decedent were sisters. In December, 1927, plaintiff took up residence at the Marsh ranch and except for a short period in 1937 when she was away and a period of approximately two years during the second World War when the Marshs were away, she and the Marshs lived there continuously until after his death in 1949. Marsh survived his wife by two years. Following his death plaintiff filed a claim against his estate and upon its rejection filed the present action in which she prayed for judgment for the reasonable value of the services rendered

and money loaned to him during his lifetime. Defendant denied generally the allegations of the complaint and affirmatively alleged that the claim was barred by the statute of limitation.

Following the entry of judgment in favor of plaintiff, defendant appealed, contending (1) that there is no evidence to support the finding of the trial court of an express agreement on the part of the decedent to pay for the services as alleged; (2) that the evidence shows as a matter of law that the statute of limitation has barred plaintiff's action, both for alleged services rendered and for the monies advanced, and (3) that there is a variance between the pleading and proof.

No benefit could be had from a protracted discussion of the numerous facets of defendant's first contention. Text writers have written at length and the cases on the subject are legion (see 7 A.L.R.2d 12). However, in this state the rule appears to be settled. ■ In the case of *Winder* v. *Winder*, 18 Cal.2d 123, 128 [144 P.2d 347, 144 A.L.R. 935], where the services were performed by a son for his father, as in this case, the court, in sustaining a judgment for the son, held that " 'The intention to pay and the expectation of compensation may be inferred from conduct where equity and justice require compensation, as well as from direct communications between the parties . . . [The] expectation of compensation may co-exist with higher motives prompted by affection or the sense of duty and . . . the existence of the latter does not necessarily exclude the idea of pecuniary compensation . . . ■ To warrant the finding of such contract, the elements of intention to pay on the one hand, and expectation of compensation on the other, must be found to exist; but such elements, like other ultimate facts, may be inferred from the relation and situation of the parties, the nature and character of the services rendered, and any other facts or circumstances which may reasonably be said to throw any light upon the question at issue.

■ " 'The right and justice of the claim for compensation, or the wrong and injustice, if any, attending such claim, may be considered, but only as tending to aid in ascertaining the intention and expectation of the parties in relation to the question of compensation for the services in controversy. 9 Cyc., pp. 242-243 . . .

" 'In this case it was a question for the trial court to determine from the evidence whether the facts and circumstances

shown thereby were sufficient to rebut the presumption that the services of appellee were rendered gratuitously.' ''

So in the present case under the facts and circumstances appearing in the record it was for the trial court to ''determine from the evidence whether the facts and circumstances shown thereby were sufficient to rebut the presumption that the services of appellee were rendered gratuitously.'' (*Winder* v. *Winder*, 18 Cal.2d 123, 128 [114 P.2d 347, 144 A.L.R. 935].)

Here the record shows that plaintiff did not live merely as a visitor at the Marsh home but to the contrary performed all types of chores around the ranch, such as milking the cows, herding sheep, planting and cultivating the garden, together with the general housework such as cooking the meals, cleaning the house and doing the laundry. Also there was testimony of admissions made by the decedent that he had borrowed money from the plaintiff, that he admitted owing money to her although there is no specific testimony as to the exact amount; that he would pay ''when he got it'' and that he was going ''to kick her off the place'' when he ''got her paid.'' There was further testimony that he also admitted that plaintiff paid for some of the household appliances. Upon such evidence the court found that during the month of December, 1927, plaintiff and decedent entered into an agreement whereby she agreed to stay on the ranch, assist him with the work, and perform such duties as he might direct, for which he agreed to pay upon the termination thereof and before his death. The court further found that it was understood and agreed between the parties that decedent would pay plaintiff the reasonable value of her services upon termination of the employment.

Although the evidence is not as specific as might be desired, nevertheless this court cannot say that it was not sufficient to sustain the conclusion of the trial court.

Defendant's second contention is likewise without merit. As previously noted the trial court found that it was the understanding of the parties that decedent would pay plaintiff the reasonable value of her services upon the termination of the employment. Where, as in the present case, there is an implied promise to pay upon the termination of services and those services are rendered continuously up until the death of the recipient thereof, the employment did not terminate until his death, and hence the statute of limitation did

not begin to run until that time. (*Wescoatt* v. *Meeker,* 63 Cal.App.2d 618 [147 P.2d 41].) The record here shows that Marsh died in 1949 and the present action was instituted in March, 1950; therefore it was well within the statute.

Appellant's final contention is also without merit. Conceding that the evidence does not disclose an express agreement, it cannot be said that there has been a fatal variance between the pleading and the proof for the reason that the complaint can properly be construed as being based upon the theory of the reasonable value of the services rather than upon an express agreement. ■ Where, as here, a complaint contains "apt allegations of the reasonable value of services rendered, and also alleges a special contract of employment, failure to prove the special contract is not fatal." (27 Cal. Jur. 227-228.) Under such circumstances the court may fix the value of the alleged special services by drawing upon its own general knowledge without the use of expert testimony. (*Stiles* v. *Nunes,* 98 Cal.App.2d 739 [220 P.2d 792].)

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.