[Civ. No. 16634. First Dist., Div. Two. Feb. 14, 1956.]

JOSEPH L. PACE, Appellant, v. THE MAGNAVOX COMPANY (a Corporation), et al., Respondents.

Wade H. Hover and Howard Lund for Appellant.

Miller, Morton & Wright and Charles V. Caillat for Respondents.

DEVINE, J. pro tem.*— Plaintiff filed a complaint against a manufacturer and a dealer for rescission of a contract of sale of a combination radio, phonograph and television set which he alleged to be defective. He also sought

*Assigned by Chairman of Judicial Council.

damages for repairs to the set, and although respondents attempt to make the point on this appeal that the remedies are inconsistent, they made no demand for election of remedies nor did they make any reference to the inconsistency in the trial court, and are precluded from raising the point now.

Much energy has been expended by both sides in discussing the nature of the warranty given to plaintiff. Plaintiff, who appeals the judgment against him, contends that the finding of the court that the only warranty given was a certain guaranty against defective parts for 90 days, is erroneous, because, they say, there is another warranty of fitness both by the operation of law and by an oral statement of respondent dealer's salesman.

We do not deem it necessary to discuss the law relating to the type of warranty given, because the trial judge expressly found untrue the allegation in plaintiff's complaint that the machine did not function properly in that it was extremely noisy and of no use for the purpose for which it was purchased. To the contrary, the court specifically found that the machine was of merchantable quality and was fit for the uses and purposes for which it was sold and purchased.

The fact, then, that the court also found that the warranty was a more limited one than plaintiff contends for, does not vitiate the other finding of fitness, which, if supported by the evidence, would satisfy the very warranty claimed by appellant.

Findings are to be read together and reconciled, with a view to supporting the judgment (*Pensa* v. *Noffsinger,* 105 Cal.App.2d 99, 101 [232 P.2d 521]), and when that is done, the effect of the findings is that the only warranty was the written one, but that even considering a general warranty of fitness, the court found such warranty to have been fulfilled.

Taking the evidence that is favorable to respondents as true, there having been direct conflict in the testimony of the witnesses, we find that: (1) the hum of the fan in the set, which plaintiff found to be annoying, was, in this 12-inch set bought in the early days of television, a normal sound which disappeared as the volume was slightly increased, and (2) although several condensers failed, they were quickly replaced by respondents, without charge to appellant.

The purchaser made no further remonstrance until the filing of the complaint more than a year later. It is true

that at one time, plaintiff offered to give the set back in return for refund of his money, but according to the testimony of defendant Levitt, after a third chassis which had been thoroughly tested had been placed in the machine, no more complaints were forthcoming. The silence and inaction of the buyer not only justified the seller in assuming that there was no further complaint, but also justified the court in its finding that there was not a prompt rescission.

The $92.14 which plaintiff paid another serviceman for some repair to the set almost a year and a half after the sale was found in substance not to have been expended because of any violation of warranty.

This is a classic case of an appeal which must fail because the trial court, weighing conflicting testimony, has found the essential facts against the appellant.

The judgment is affirmed.

Nourse, P. J., and Dooling, J., concurred.